Vance v. Corrigan.

VANCE et al., Appellants, v. CORRIGAN.

**Special Tax Bill:** SUIT AGAINST RECORD OWNER: SALE PASSES TITLE OF TRUE OWNER. Where the statute under which a special tax bill was issued required the suit for its enforcement to be brought against "the owner" of the land to be charged; *Held*, that in the absence of any knowledge or notice to the contrary, the holder of the bill had the right to assume that the person in whom the records showed the title to be vested, was the true owner, and to sue accordingly; and that a sale under execution upon a judgment against the record owner passed the title as against the grantee in an unrecorded deed from him, provided the purchaser had no notice of the unrecorded deed.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*Pratt, Brumback & Ferry* for appellants, argued that Mrs. Vance and not Barnes was the owner, citing Cooley on Tax., (1 Ed.) 278, 279; Blackwell on Tax Titles, (3 Ed.) 144, 145; *Trustees v. Boston,* 12 Cush. 59; *Shaff v. Improvement Co.,* 57 N. H. 110; *Proctor v. R. R. Co.,* 64 Mo. 123; *Hartford v. Brady,* 114 Mass. 470; *s. c.,* 19 Am. Rep. 377; *United States v. Villalonga,* 23 Wall. 35; *Davis v. Dodds,* 20 Ohio St. 473.

*Jno. C. Tarsney* for respondent.

HOUGH, C. J.—This is an action of ejectment to recover the north half of lot 29 in Swope's addition to the City of Kansas. The petition is in the usual form, and the answer is a general denial. The case was tried by the court upon an agreed statement of facts from which it appears that on the 28th day of August, 1865, George W. Barnes, of Ohio, who was then owner in fee of the land in controversy by virtue of a certain deed to him then of record, conveyed the same to Sarah A. Vance, also of Ohio. The deed to Sarah Vance was not recorded until the 25th day of September, 1876.

On March 1st, 1872, a special tax bill was issued by the City of Kansas and delivered to Dwyer & O'Neil, for a plank sidewalk constructed by them, in front of said lot, under a contract with said city. Suit was brought in 1873 to enforce the lien of said special tax bill, and· publication was duly made against George W. Barnes as the owner of said lot, and on the 18th day of September, 1873, judgment was regularly rendered in favor of the plaintiff in said suit for the amount of the tax bill and interest, and special execution was awarded for the enforcement of said judgment. Execution was duly issued under said judgment and the sheriff levied upon and sold thereunder " all the right, title and interest " of the defendant Barnes, in and to the north half of said lot, to Edward Corrigan, the defendant herein, for $79.95, and executed to him a deed reciting the judgment, execution, levy and sale, and conveying to him " all the right, title, interest and estate of the said George W. Barnes, of, in and to the above described real estate " that he " might sell as sheriff as aforesaid, by virtue of the execution and notice. To have and to hold," etc. Sarah A. Vance died intestate, September 26th, 1876, leaving appellants, other than the husbands of the female appellants, her sole heirs at law. Neither Barnes nor Sarah A. Vance ever had actual possession of the lot. There is nothing to show whether or not Corrigan had any knowledge or notice of the deed of Barnes to Vance, or of the latter's ownership of the land prior to the record of her deed, or to show whether or not Sarah A. Vance had any knowledge or notice of the existence of the special tax bill for sidewalk, or the suit thereon, until after Corrigan received his deed from the sheriff.

The question is, did the deed of the sheriff to the defendant pass the title to the lot in controversy, as against the unrecorded deed of plaintiffs' ancestor?

It is the settled law of this State, that a purchaser at execution sale, is a purchaser from the judgment debtor, within the meaning of the recording act. *Draper v. Bryson,* 26 Mo. 108. If, therefore, the defendant had purchased the

land under an ordinary judgment against Barnes, there could be no question but that he would take the title as against the unrecorded conveyance from Barnes to Sarah Vance. *Davis v. Ownsby*, 14 Mo. 170 ; *Valentine v. Havener*, 20 Mo. 133; *Stillwell v. McDonald*, 39 Mo. 282; *Potter v. McDowell*, 43 Mo. 93; *Reed v. Ownby*, 44 Mo. 204; *Black v. Long*, 60 Mo. 181; *Fox v. Hall*, 74 Mo. 315. We are called upon to decide, therefore, whether there is any difference between the effect of a sale under execution for the enforcement of the special tax bill in question, and a sale under ordinary executions.

The charter of the City of Kansas provides that all suits to enforce special tax bills, shall be brought against the owner of the land, and preliminary thereto, the city engineer is required to assess the cost of the work done, as a special tax against the property chargeable therewith, and to make out a certified bill of such assessment against said property, in the name of the owner, and such certified bill is declared to be *prima facie* evidence of the liability of the person therein named, as the owner of such property. Acts 1870, p. 343 *et seq.* Now, it is quite evident that unless the *prima facie* case as to ownership, made by the tax bill, is overcome by proof at the trial, the court in which the suit is pending to enforce the tax bill, will be authorized to render judgment for the sale of the property. No personal judgment can be rendered against the owner, even if personally served; *City of Louisiana v. Miller*, 66 Mo. 467 ; and the chief object in having the owner brought in would seem to be to enable him to contest the validity of the proceedings as a charge upon his property, and to discharge the lien, if he so desires, without sale thereof.

In making sale of the property, and in executing a deed therefor, it is the duty of the sheriff, in the absence of any special provision to the contrary, to conform to the general law governing the sales of real property in ordinary proceedings, and in such cases it is the established rule that the sheriff shall sell and convey only the right, title and

interest of the judgment debtor. This is all, indeed, that the sheriff can sell and convey, for it is the judgment debtor's interest in the land, only, which is subject to execution. Now, if the defendant in the execution was in reality the owner of the land, the sale would undoubtedly pass his title; and if he appears by the record, at the time of the sale, to be the owner of the land, the interest or estate in the land, of which his deed shows him to be seized, is subject to sale, and the purchaser of such interest at such sale, will acquire the same under the registry act, unless such interest had been conveyed or incumbered, and the purchaser had notice thereof. *Fox v. Hall, supra.* The registry act provides that no conveyance of land " shall be valid, except between the parties thereto and such as have actual notice thereof, until the same shall be deposited with the recorder for record." R. S., § 693.

We are unable to perceive why the city engineer in making out a special tax bill, and the owner thereof in suing to enforce the same, may not rely upon the statutory declaration, that the record owner is to be regarded as the real owner, unless they have notice to the contrary. It is unnecessary to discuss in this connection the force and effect of a tax bill fraudulently made out by the engineer in the name of one whom he knew not to be the owner, or of the effect of a suit fraudulently instituted by the owner of the tax bill against one known not to be the owner, as these questions do not arise in this case. Unless the engineer has knowledge of the true owner, he must rely upon the record of deeds, in making out the tax bill. So, also, must the owner of the tax bill, in instituting suit, rely upon such record. The statute is general in its terms and is equally applicable to all persons, natural and artificial, private and official.

We are of opinion that the provision of the charter requiring the suit to be brought against the owner of the land, does not mean that it must, in order to render the judgment valid, be brought against the real owner, although

holding by an unrecorded conveyance, but it means that suit must be brought against the person appearing, by the registry of deeds to be the owner, in the absence of notice to the contrary. The proceeding is really against the land, although a personal defendant is necessary to the validity of the proceeding, but no personal judgment can be rendered in the suit, and it is sufficient to proceed against the record title when the true owner is unknown. We are also of opinion that a purchaser at a regular execution sale under a judgment duly rendered in such suit, will acquire the same rights which he would acquire by purchase from the execution defendant. If Corrigan had notice of the Vance title, the burden was on the plaintiffs to show it.

Perceiving no error in the record, the judgment of the circuit court will be affirmed. The other judges concur.