THE STATE *ex rel.* HUNT, *Collector*, v. SACK, *Appellant.*

79  661
96  547
79  661
104  601
79  661
151  105
79  661
86a  816

**Back Taxes** : SUIT TO ENFORCE: PROPER DEFENDANT: "OWNER" OF LAND: COSTS.  In a suit to enforce the State's lien for taxes, the person who appears by the record of deeds to be the owner of the land, is properly made defendant, in the absence of notice that some other person is the true owner.  In such case, if the true owner would redeem pending the suit, he must pay all the costs from its institution.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*W. W. Wood* for appellant.

*W. H. Brinker* for respondent.

MARTIN, C.—This was a suit by a county collector for back taxes, and was instituted on the 29th day of July, 1879.  It was in the first instance brought against Johnson Stultz as owner of the delinquent land.  He being a non-resident, constructive service by publication was ordered and made.  Upon this service a judgment by default was rendered against him in the sum of $13.32, which was the aggregate amount of taxes due for the years 1869, 1871, 1872, 1873, 1874 and 1877.  This amount was adjudged a lien upon the land, and its enforcement ordered by execution.  At the same term of the court this judgment was set aside, G. H. Sack, appellant, was made a party defendant, and a summons for him was issued returnable to the next term of the court.  This summons, and the return upon it, were, on motion of Sack, quashed for the reason that his name had not been introduced into the petition. The petition was amended on leave of court, and Sack filed his answer admitting the assessment and levy and denying the ownership as alleged.  He claimed the ownership as in himself and averred that Stultz had no interest in the land.

whatever. He further stated in his answer the steps which had been previously taken in the case against Stultz and pleaded as a defense that he had deposited with the clerk of the court $16.45 for payment of the delinquent taxes, interest, penalties, fees and commissions, together with all costs for which he was liable in the suit, and alleged that the plaintiff had refused to accept the amount and dismiss the case.

At the trial it was admitted that the amount so deposited covered the taxes due, with interest, penalties and all costs which had accrued since defendant Sack had been made party, as well as the costs of making him a party. The court rendered judgment for the amount so due, and for all costs which had accrued from the date of the institution of the suit against Stultz. From this judgment the defendant Sack has appealed. It appears from the evidence that Stultz had been the owner of the land prior to 1870 ; that on the 20th day of April, 1870, it was purchased by A. W. Ridings at an execution sale, upon a judgment against Stultz and in favor of said Ridings. On the 13th day of October, 1879, the defendant Sack acquired the property at a sale by the public administrator in charge of the estate of said Ridings, deceased. Neither of these deeds had been recorded.

The only question in the case for our consideration is, whether the collector should have accepted the tender which covered the debt, interest, penalties and all costs which had accrued in the suit, except while it stood against Stultz alone and before the joinder of Sack. The law requires the owner or party interested to pay all costs of the suit, when he seeks to redeem or to discharge the lien for taxes after suit brought. This of course means a suit brought as required to be brought by the act which authorizes it. If the suit was properly instituted against Stultz as the owner of the land, then Sack, as a person interested therein, could not discharge the tax lien by a tender or deposit of less than the whole costs of the suit from its com-

mencement. If it was not properly instituted against him, and could not have resulted in binding the land with a valid judgment for the taxes, then Sack could have discharged the lien without paying the costs of such proceeding. Such costs would not be properly chargeable against the land. It thus appears that while the immediate controversy in this case relates to a few dollars of costs, the point in dispute cannot be disposed of without deciding a very important question under the Revenue Act of 1877. That question is, whether the lien for taxes can be enforced by a suit, in which the defendant is the owner of the land according to the records for the registry of conveyances, but who is not the owner, having ceased to be such by virtue of sufficient conveyances before suit brought, but which have never been recorded.

If this was a case of first impression in this State, I would certainly be inclined to regard this suit as not properly instituted under our Revenue Act, which requires suits for the enforcement of tax liens to be brought against the owner of the land. R. S. 1879, § 6837. But as the Supreme Court in the recent case of *Vance v. Corrigan*, 78 Mo. 94, under a statute or charter requiring suits for the enforcement of liens for special taxes to be brought against the owner of the land, held that a suit could be brought and a valid judgment rendered against the land by making the record owner defendant, the question can hardly be regarded as open in this State any longer. In that case the court says, Hough, C. J., rendering the opinion : " We are of opinion that the provision of the charter requiring the suit to be brought against the owner of the land, does not mean that it must, in order to render the judgment valid, be brought against the real owner, although holding by an unrecorded conveyance, but it means that suit must be brought against the person appearing by the registry of deeds to be the owner, in the absence of notice to the contrary." As the suit in this case was brought against the person appearing by the registry to be the owner of the land, the

real owner, by virtue of unrecorded deeds, and in the absence of notice to that effect, will have to pay all the costs in the suit in order to relieve his land from the tax·lien. Such was the position of Mr. Sack.

All concurring, the judgment is affirmed.