## COWELL, *Appellant*, v. GRAY.

1. **Taxes** : ACTION TO ENFORCE LIEN FOR : STATUTE. The "owner of the property" against whom, under Revised Statutes, section 6837, actions to enforce liens for taxes must be brought is the person appearing of record to be the owner, in the absence of notice to the contrary, and unless the suit is against such owner a sale under a judgment therein will convey no title.

2. **Land, Sale for Taxes** : CESTUI QUE TRUST : REDEMPTION : EJECTS MENT. Where a deed of trust is of record and the *cestui que trus-* was not made a party to the tax suit, he may redeem the land by paying off the judgment and may thus assert his title under the deed of trust. But in ejectment, where the pleadings present, at the only issue, the question of the mere legal right to the possession, the title under the judgment for taxes will prevail as against the one claimed under the deed of trust.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*R. S. Matthews* and *W. M. Rubey* for appellant.

(1) The word *owner*, means the person, or persons in whom the fee is vested, and also those who have an equitable title or ownership. But such interests, whether legal or equitable, must appear of record at the time the suit is commenced. (2) In the tax suit, by which defendant derived title, the only person sued was Gray, who, at the time, had only an equity of redemption ; the legal title having been conveyed by Rowland and his wife to F. M. Buster, in trust for plaintiff, before the institution of the tax suit and before Gray bought the equity of redemption of Rowland. (3) The legal title was in F. M. Buster, trustee for plaintiff. Neither the owner of the legal title nor the *cestui que trust* was made a party to the suit and consequently the legal title did not pass by the sale under tax proceedings. The purchaser

at that sale bought himself into the equitable rights of the mortgageor, Rowland, and nothing more, which he had before tax suit. *Gitchell v. Kreidler*, 12 Mo. App. 437.

*W. H. Sears* for respondent.

EWING, C.—On the twenty-seventh day of August, 1879, the plaintiff, Cowell, commenced suit in the Macon circuit court to recover the possession of the northwest quarter of the southwest quarter of section seven, township fifty-six, range thirteen. The defendant answered, alleging title and possession in himself. It appears from the evidence that both parties claim under conveyances from Wm. B. Rowland, who was the original owner of the land sued for. That on April 1, 1878, Rowland executed and delivered a deed of trust to the premises to one Buster, as trustee for the plaintiff, Cowell. That deed of trust was filed for record April 27, 1878. Afterwards, a sale was had under this deed of trust by the sheriff of Macon county, acting for the trustee in his absence, at which sale the plaintiff, Cowell, became the purchaser. This deed is dated and acknowledged on the twenty-fourth day of July, 1879. The record does not show that this deed was recorded or filed for record. The plaintiff rested, and the defendant's evidence was a deed from Rowland to defendant, Gray, dated July 17, 1878, and a deed from the sheriff of Macon county to one J. W. Waller, dated January 29, 1879, and a deed from Waller to defendant, dated February 11, 1879. It was alleged in defendant's answer that the deed from the sheriff to Waller was made by virtue of an execution sale. That the collector of Macon county recovered judgment for back taxes on said land against defendant on the twenty-eighth of September, 1878, which was a lien on the land ; that execution issued thereon and that the said Waller became the purchaser, etc.

It appears from the recitals in the sheriff's deed,

under the tax-judgment, that the defendant, Gray, was the only party defendant to the suit of the collector for taxes. The judgment itself is not in the record, and the only information upon that subject appears from the recitals in the sheriff's deed. The deed of trust was filed for record on the twenty-seventh of April, 1878, and the judgment for taxes rendered September 28, 1878. But whether the deed of trust was so filed before the commencement of the suit for taxes does not appear. Section 6837, Revised Statutes, 1879, provides that suits for taxes shall be "against the owner of the property.' This court in *Vance v. Corrigan*, 78 Mo. 94, in construing the charter of Kansas City, under and by authority of which the suit for taxes had been commenced and prosecuted, said that "the charter of the City of Kansas provides that all suits to enforce special tax bills, shall be brought against the owner of the land," etc., and notwithstanding the fact in that case that the person who appeared of record as the owner, had conveyed his interest to another, yet it was held that a sale under the judgment against the owner appearing of record as such in the office of the recorder of land titles, would carry the title as against the unrecorded deed, in the absence of actual notice thereof. The court in that case said : "If the defendant in the execution was in reality the owner of the land, the sale would undoubtedly pass his title, and if he appears by the record at the time of the sale, to be the owner of the land, the interest or estate in the land, of which his deed shows him to be seized, is subject to sale, and the purchaser of such interest at such sale will acquire the same under the registry act, unless such interest had been conveyed or incumbered, and the purchaser had notice thereof. *Fox v. Hall*, 74 Mo. 315.

The registry act provides that no conveyance of land shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record. R. S., sec. 693. The court in *Vance v. Corrigan, supra*, further

say: "We are of opinion that the provision of the charter requiring the suit to be brought against the owner of the land, does not mean that it must, in order to render the judgment valid, be brought against the real owner, although holding by an unrecorded conveyance, but it means that suit must be brought against the person appearing by the registry of deeds, to be the owner, in the absence of notice to the contrary." The same doctrine was reaffirmed in *State ex rel. Hunt v. Sack*, 79 Mo. 661, and is thus settled so far as that question is concerned, to-wit: that it is sufficient to bring suit against the owner as appears of record. But in the case at bar, the record of conveyances showed the fact to be that the original owner, Rowland, before he conveyed to Gray, the defendant in this suit, and also the defendant in the tax suit, had conveyed it to the trustee, Buster, for the use of Cowell, the plaintiff herein; and the evidence shows that Gray had actual notice of that conveyance to the trustee, Buster, before Rowland conveyed to him (Gray), the deed to Buster, the trustee, not having been recorded at the time of the sale under execution at which Waller bought.

Now the law requires the suit to be "against the owner of the property." This court holds that that statute is complied with when the suit is against the owner as shown by the records of land titles. In this case the record shows the legal title to be in Buster, the trustee, held for the use of the *cestui que trust*, Cowell. The record, therefore, shows that a party having a beneficial interest in the land has not been made a party to the suit. So that outside of the question as to Gray's actual notice of this incumbrance, the judgment and sale thereunder does not convey the title as against the true owner, because the suit was not "against the owner of the property" as appears of record. In *Stafford v. Fizer*, 82 Mo. 393, it was decided that in suits for the enforcement of the state's lien for taxes, in cases where there shall be a deed of trust on record, if the *cestui que trust* is not

made a party, his rights are in no wise affected. In such case it is also there held that the lien of the *cestui que trust* being inferior to that of the state, he may enforce his equitable right to pay off and redeem the superior lien for taxes and thus assert his title under his trust deed. · In the suit at bar there was no equitable right sought to be enforced, but only a legal right to the possession sued for or claimed. Cowell, the plaintiff herein, being the *cestui que trust* in the deed of trust on record, not being made a party defendant, so far as it appears from the record before us, in the collector's suit for taxes, his rights were not affected, and he may yet set up and enforce his equity of redemption, possibly, in another proceeding; but cannot recover in the case at bar on his legal title.

The judgment below must, therefore, be reversed and the case remanded. All concur.