EVANS v. ROBBERSON, *Appellant.*

1. **Sheriff's Sale**: ADVERTISEMENT : STATUTE.  While it is the duty
   of a sheriff selling land under execution to sell between the hours
   fixed by the statute, still it is not essential that such hours should
   be stated in the advertisement of sale.

2. ——— : ——— : PRESUMPTION.  There being nothing in a sheriff's
   deed tending to show the contrary, the presumption will be
   indulged in that in selling land under execution where there has
   been a change of the terms of court, the sheriff posted "at the
   front door of the courthouse" the notice of sale, as required by the
   statute.  (G. S., 1865, p. 541, sec. 44).

3. **Judicial Sales**: PRESUMPTIONS.  It is the policy of the law to
   indulge in every reasonable presumption in favor of sustaining the
   ministerial acts of officers making judicial sales.

4. **Sheriff's Sale**: FAILURE TO POST STATUTORY NOTICE, EFFECT OF.
   While a failure to post said notice might afford ground for setting
   aside the sale in a direct proceeding by the parties in interest, it
   would not affect the title of a purchaser without notice in a
   collateral proceeding.

5. **Delinquent Taxes, Judgment for**: PARTIES : REQUISITES TO
   BIND OWNER : ACT OF 1877.  A judgment in an action for delin-
   quent taxes under the act of 1877 (Acts, p. 386), will not bind the
   owner of the land unless either he be made a party to the proceed-
   ing if known, or, if he is not known, and, therefore, not made a party,
   unless the person appearing of record to be the owner is made a
   party.

*Appeal from Greene Circuit Court.*—HON. W. F.
GEIGER, Judge.

AFFIRMED.

*John A. Patterson* for appellant.

(1)   Plaintiff cannot recover in ejectment unless the
legal title was vested in him at the time of bringing the
suit.  *Large v. Fisher*, 49 Mo. 307 ; *Norfleet v. Russell*,
64 Mo. 176 ; *Ford v. French*, 72 Mo. 250 ; *Dunlap v.*

*Henry,* 76 Mo. 106. (2) The sheriff's deed to plaintiff, Evans, is void on its face, from its own recitals, for the following reasons: The recital in said deed that the real estate in question was advertised to be sold between the "lawful hours" of, etc. (said day of sale), renders said deed void; said sheriff having set out in said notice his own conclusions, instead of stating the precise time (or between what hours) said sale would take place. *Spurlock v. Allen,* 49 Mo. 178; *Hubbard v. Gilpin,* 57 Mo. 441; W. S., sec. 42, p. 609. (3) The deed was defective and conferred no title, because of its failure to contain a recital that the sheriff failed to put up at the front door of the courthouse the required notice of the change of time of sale, etc. W. S., ch. 41, sec. 45; *Ladd v. Shippi,* 57 Mo. 523; *Wilhite v. Wilhite,* 53 Mo. 71. (4) The land was chargeable with its own taxes and the fact of its not having been assessed or advertised in the name of the plaintiff does not invalidate the defendant's title. Laws 1872, p. 124, sec. 203. Plaintiff should have recorded his sheriff's deed and not withheld it from record for ten years. W. S., p. 612, sec. 57.

*O. H. Travers* for respondent.

(1) The sheriff's deed put in evidence by respondent contains all necessary recitals. 1 W. S., sec. 42, p. 609; *Carpenter v. King,* 42 Mo. 219; *Wilhite v. Wilhite,* 53 Mo. 71. (2) Even though there was a slight variance the deed would be held good. *Stuart v. Severance,* 43 Mo. 322; *Jamison v. Walker,* 4 Wend. 462; *Johnson v. Davis,* 18 Johns. 7. (3) Even if the deed did not give notice of sale, as required by law, it would not affect an innocent purchaser. *Draper v. Bryson,* 17 Mo. 71; *Matney v. Graham,* 50 Mo. 559; *Warner v. Sharp,* 53 Mo. 598; *Davis v. Cline,* 76 Mo. 310; *Mers v. Bell,* 45 Mo. 333; *Buchanan v. Tracy,* 45 Mo. 437; *Pattee v. Blair,* 58 Mo. 163. (4) Appellant cannot avail himself

of the irregularity complained of in this case. Such an irregularity cannot be attacked in a collateral proceeding. *Reed v. Austin*, 9 Mo. 723 ; *Hendrixson, Adm'r, v. Railroad*, 34 Mo. 188 ; *Cabell v. Grubbs*, 48 Mo. 353 ; *Hewitt v. Weatherly*, 57 Mo. 276. More particularly is this so when the policy of courts is to uphold and render effective sales made by ministerial officers. *Carson v. Walker*, 16 Mo. 82 ; *Tanner v. Stine*, 18 Mo. 583 ; *Jones v. Manly*, 58 Mo. 559. (5) The parol agreement by John W. Leathers, W. J. Garrett, and respondent, to divide the real estate, was a good partition of the same between the parties, accompanied as it was by possession. 20 Barb. 127 ; 4 Johns. 212 ; *Bompart v. Roderman*, 24 Mo. 400 ; *Folger v. Mitchell*, 3 Pick. 399 ; *Jackson v. Harder*, 4 Johns. 202 ; *Hazen v. Barnett*, 50 Mo. 506. (6) The tax deed to appellant conveyed to him nothing, if anything, but the interest of Elizabeth Leathers. She was the only party defendant in the proceeding to collect back taxes. It is settled that the owner of the property should be made defendant, and that the term owner includes every one who has any interest in the property. *United States v. Villelonge*, 23 Wall. 40 ; *Shaff v. Improvement Co.*, 57 N. H. 110 ; *Lester v. Lobby*, 7 Ad. & El. 124 ; *Proctor v. Railroad*, 64 Mo. 113 ; *Carp v. Rogers*, 44 Conn. 291. (7) Respondent, as the grantee of E. R. Leathers, owned an undivided half of the remainder based on the life estate of Elizabeth Leathers. *Jones v. Waters*, 17 Mo. 587 ; *Jourden v. Meier*, 31 Mo. 40. (8) Being then an owner of the land he should have been made a party defendant in the tax proceedings. Not having been made a party, he is not bound by the proceedings, nor are his rights affected by the tax deed. *Abbott v. Lindenbower*, 43 Mo. 165 ; *Hume v. Wainscott*, 46 Mo. 145 ; *Gaines v. Fender*, 82 Mo. 497 ; *Hubbard v. Gilpin*, 57 Mo. 441. (9) Revised Statutes, section 6837, provides for service upon the owner as in ordinary suits, and section 6838 says, the

judgment, "if against the defendant shall describe the land." This is not a proceeding *in rem.* *Ramken v. Chandler*, 2 Brock. 125; Blackwell on Tax Title, 631.

BRACE, J.—This was an action in ejectment for the west one-half of the northwest quarter of section 4, township 30, range 22, in Greene county, Missouri. The petition, in usual form, was filed April 14, 1883. The answer of the defendant admitted possession and denied the other allegations of the petition. The case was tried by the court without a jury; verdict and judgment for plaintiff. Both parties claim title under one Theophilus Leathers, who, it was admitted, was the owner of the land at the time of his death in 1857, and who, by will, devised said land to his wife, Elizabeth (who died January 24, 1883), during her life; remainder in fee to his sons, Edwin R. and John W. Leathers. Plaintiff claims to have acquired all the undivided interest of the said Edwin R. in the said northwest quarter of the southwest quarter, by virtue of a sheriff's deed dated June 5, 1873, properly acknowledged and recorded March 3, 1883, and the undivided interest of John W. in the west one-half of said northwest quarter of the southwest quarter of the land sued for by a verbal partition, between him and the said John, of said forty-acre tract, and, on the trial, offered said sheriff's deed in evidence, to which defendant objected, but which was admitted in evidence over his objection. The deed contained the following recitals:

"Whereas, on the ninth day of May, 1872, judgment was rendered in the circuit court of Greene county in favor of Elisha Headlee, public administrator of Greene county, Missouri, having in charge the estate of Nathan Boone, deceased, and against E. R. Leathers, John Evans, and D. M. Evans, for the sum of two hundred and twenty-nine one-hundredths dollars for debt, and twenty-one and twenty-five one-hundredths dollars

for damages, and also for costs in said suit, upon which judgment an execution was issued from the clerk's office of said court in favor of the said Elisha Headlee, public administrator as aforesaid, and having in charge the estate of said Nathan Boone, deceased, and against the said E. R. Leathers, John Evans, and D. M. Evans, dated the eleventh of January, 1873, directed to the sheriff of Greene county, and the same was to me on said day delivered; by virtue of which execution I did, on the eleventh day of January, 1873, levy upon and seize all the right, title, interest, and estate of the said E. R. Leathers, John Evans, and D. M. Evans, of, in, and to, the following described real estate, situate in said Greene county, to-wit: the northwest quarter of the southwest quarter of section four (4), township thirty (30), range twenty-two (22), and, whereas, in pursuance of law, and by virtue of authority in me vested by law as sheriff of said county, I caused said real estate to be advertised, for at least twenty (20) days, before the twenty-second day of February, 1873, giving the time and place of sale and of the real estate to be sold, and where situate, as the law directs, by publication in the Springfield Leader, a newspaper printed and published in my said county of Greene, that I would, on the twenty-second day of February, 1873, that being the sixth day of the February term of said court, offer the above-described real estate, for sale at public auction, at the courthouse door in my said county while said circuit court was in session, between the 'lawful hours' of said day, for cash in hand, and, whereas, by an act of the legislature, approved January 18, 1873, the time of holding the said February term of said circuit court of Greene county, for the year 1873, was changed from the third Monday in February to the first Monday in May, 1873, and, whereas, I did, on the first day of the said May term, 1873, of said circuit court, that being the first term of said court held in pursuance of the said

change of time of holding the same, made by the act of the legislature aforesaid, put up a written notice, that I would, by virtue of law and the said judgment and execution, on Saturday, the tenth of May, 1873, that being the sixth day of the said May term, and the said day of the term that said sale was advertised to take place at said previous February term, sell said real estate above described; and in said notice, I specified the names of the parties to said execution, the list of the property sold, and stated the fact that said property had been previously advertised, giving the name of the paper and its date; and, whereas, by virtue of authority in me vested, I did, on the tenth day of May, 1873, whilst the circuit court was in session, and between the hours of nine o'clock in the forenoon and five o'clock in the afternoon of that day, expose to sale said real estate at public vendue to the highest bidder, at the courthouse door of my said county, and at said sale D. M. Evans, being the highest and best bidder for said real estate," etc.

It is contended for the appellant that the recital in said deed, that the real estate was advertised to be sold between the "lawful hours" of the day upon which it was to be sold, renders it invalid. There is nothing in this contention. It was the duty of the sheriff to designate the day upon which the land would be sold in his advertisement; the law fixed the hours of that day between which it must be sold, and whilst it was not necessary that the hours should be stated in the advertisement it was the duty of the sheriff to sell between those hours (1 W. S., p. 610, sec. 45), and the recital in the deed shows that the sheriff did sell the land between the hours of nine A. M. and five P. M., as the law required.

It is next objected to said deed that it does not appear that the notice therein recited was put up "at the front door of the courthouse." The law governing the case is as follows: "In all cases where the times of

holding the terms of the several courts of this state shall be changed by the legislature, all sales of property which would have been made at the terms previously established by law shall be made at the first term of the court to be held in pursuance of such change, and where such sales have been advertised to be made on any day of such previously-established term, to satisfy any execution returnable thereto, * * * the sale shall be made on the same day of the term held in pursuance of the change aforesaid and no second advertisement of such sale shall be necessary, but it shall be the duty of the sheriff having in charge the execution aforesaid to put up at the front door of the courthouse of the proper county on or before the first day of the changed term, a list of the property to be sold, specifying the names of the parties, the property to be sold, and the day of sale, and stating the fact that said property has been previously advertised, giving the name of the paper and its date." G. S. 1865, p. 541, sec. 44.

It will be observed that the recitals in the deed show a compliance with the requirements of the law in every particular, except in that it does not thereby affirmatively appear that the notice was put up "at the front door of the courthouse." There is nothing in the deed that tends to negative, or is inconsistent with, the idea, that in fact the notice was put up at the front door of the courthouse, and it is to be presumed that the officer in this respect discharged his duty. It is the policy of the law that every reasonable presumption should be indulged in favor of sustaining the ministerial acts of officers making judicial sales; besides, the advertisement designated the day of the February term on which the land would be sold, the law required that it should be sold on the same day of the next changed term. The act making the change fixed the day on which such term should commence, and everybody was informed by the advertisement and the law in such cases of the day

on which alone the land could and would be sold at such changed term, and it was accordingly so sold, and even if the sheriff should have failed to put up the required notice at the front door of the courthouse, his failure to do so, at best, would have been an irregularity which, although it might have afforded grounds for setting aside the sale in a direct proceeding for that purpose by the parties interested, could not affect the title of an innocent purchaser without notice in a collateral proceeding. Rorer on Judicial Sales, 794; *Draper v. Bryson*, 17 Mo. 71; *Wilhite v. Wilhite*, 53 Mo. 71; *Buchanan v. Tracy*, 45 Mo. 437.

There was no error in admitting said sheriff's deed in evidence; its legal effect was to convey to plaintiff the undivided interest of Edwin R. Leathers in the northwest quarter of the southwest quarter of said section, and he thereby became a tenant in common in fee with John W. Leathers of said tract, and by virtue of the partition between him and the said John W. became the sole owner of the west half of said northwest quarter of the southwest quarter of section 4, the land sued for, and entitled to recover the same in this action, unless the defendant acquired plaintiff's title thereto by virtue of the tax deed by him offered in evidence.

The tax deed under which defendant claims was executed by the sheriff of Greene county, dated the fourteenth day of November, 1883, properly acknowledged, and is based on a judgment rendered on the twenty-fourth day of December, 1879, in the circuit court of Greene county in favor of the state of Missouri at the relation of the collector of said county against Elizabeth Leathers, in an action to enforce the state's lien for delinquent taxes for the year 1877. The law in force at the time the suit by the collector was instituted, which resulted in the judgment against Elizabeth Leathers, required that "all actions commenced under its provisions shall be prosecuted in the name of the

Evans v. Robberson.

state of Missouri at the relation and to the use of the collector and against the owner of the property, * * * and all notices and process in suits under this act shall be sued out and served in the same manner as in civil actions in circuit courts, and in case of suits against non-resident, unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property." In all suits under this act the general laws of the state as to practice and proceedings in civil cases shall apply, etc. Laws of 1877, page 386, section 6. In order to bind the interest of the owner of land by a judgment rendered in an action of this character, it is necessary that he should be made a party to the proceeding if known, and if not known and not made a party, then his interest in the land can only be affected by making the party appearing by the record to be the owner a party. *Vance v. Corrigan*, 78 Mo. 94; *State ex rel. Hunt v. Sack*, 79 Mo. 661; *Gitchell v. Kreidler*, 84 Mo. 473. In this case neither the plaintiff, who was at the time the owner in fee of the undivided half (by the unrecorded sheriff's deed aforesaid) of the land sued for, nor Edwin R. or John W. Leathers, who appeared of record to be the owners in fee of said land, and whose title the plaintiff has acquired, were made parties to the suit, and the judgment therein, and the sale and tax deed made in pursuance thereof, did not have the effect to pass such title to the defendant.

The instructions given for plaintiff contained correct declarations of the law applicable to the case, and there was no error in refusing those asked for the defendant. The judgment of the circuit court is affirmed. All concur.