ALLEN, *Appellant*, v. RAY *et al.*

1.  **Practice**: JUDGMENT IN TAX SUIT: COLLATERAL ATTACK: ASSESSMENT.  The judgment of a circuit court in a tax suit is conclusive, as to the validity of the assessment in a collateral proceeding.

2.  ———: PUBLICATION IN TAX SUIT.  Where the petition in a suit for back taxes is signed by the collector as relator, who makes affidavit at the end of it "that he has good reason to believe, and does believe," that the defendant is a non-resident of the state, the requirements of the statute as to the affidavit of non-residence are substantially complied with, whether the affidavit is considered as an allegation in the petition or as an affidavit.

3.  ———: TAX SUIT: ORDER OF PUBLICATION: DESCRIPTION OF PROPERTY.  It is not necessary that an order of publication in a back-tax suit should contain a description of the land ; but, if such were the case, a description as the "south half of section 14, township 23, range 29, in Barry county," would be sufficient to identify and locate the land.

4.  ———: ———: ———: JUDGMENT IN EXCESS OF ORDER.  The objection that the amount of a judgment in a tax suit is in excess of the amount of taxes stated in the order of publication can only be reached by a timely motion directed against the judgment, and can avail nothing as against the judgment in a collateral proceeding.

5.  ———: ———.  Under the law of 1877 (Acts, p. 384, sec. 4), tax suits must be brought against the owner of the property, and the collector in bringing suit and the purchaser at the tax sale are bound to take notice of the record of deeds ; and one who buys at such sale in a tax proceeding against one not the record owner gets only the title of the defendant in the suit.

*Appeal from Barry Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED AND REMANDED.

*Norman Gibbs* and *Thos. M. Allen* for appellant.

McFeeley was not the real owner of the land, when the tax suit was begun, and was not then, and never was, the record owner.  *Caveat emptor* is the rule that

applies to sheriffs' sales, and where, as in this case, one purchases land as the property of the defendant, to which the defendant has no record title, such purchaser acquires no better title than the defendant actually had ; and such purchaser cannot set up any better defense of his so acquired title than the defendant could. Such purchaser is without the registry law. The registry law is only for the protection of an innocent purchaser of a recorded title. The only title on record in Barry county at the time of the tax suit and of the sheriff's sale was the warranty deed from Lowe to Crown; and Crown was then the only record owner, and was the actual owner. *Powell v. Greenstreet*, 95 Mo. 13, 14, 15.

*Hubbert & Wear* for respondents.

BRACE, J.—This is an action of ejectment com_menced by plaintiff in the circuit court of Barry county against John Ray and Preston Gibson brought here by appeal. Pending the appeal in this court John Ray died and his heirs, Charles and Arabella Ray, have been made parties respondent.

The plaintiff seeks to recover possession of the south half of section 14, township 23, in range 29, patented by the United States to one John McFeely, in March, 1867, and to show title in himself, introduced in evidence the patents to McFeely ; a warranty deed from McFeely to J. Stewart Lowe, dated April 10, 1867, recorded in Barry county, February 15, 1883 ; a warranty deed from Lowe and wife to George Crown, dated January 1, 1874, recorded November 8, 1875 ; a quit-claim deed from Crown and wife to Horace P. Williams and Thomas M. Allen, plaintiff, dated February 13, 1882, and recorded February 15, 1883, and a quit-claim deed from Williams to plaintiff, dated August 21, 1883, and recorded August 23, 1883, conveying the land in controversy, and rested his case.

The defendants admitted they were in possession

and to overcome the plaintiff's title introduced in evidence a deed from the sheriff of Barry county, in proper form, dated September 14, 1878, conveying the premises to John Ray, Michael Horim and John W. Wellshear, purchasers at execution sale under a judgment recovered at the March term, 1878, of the circuit court of Barry county, in favor of the state at the relation of the collector of Barry county in a suit for delinquent taxes due on said land for the years 1871 to 1876, inclusive, commenced in said court against John McFeely, by petition and order of publication, the petition and judgment in said tax suit and a quit-claim deed from Horim and Wellshear and their wives, dated December 16, 1878, and recorded December 18, 1878, to John Ray, and rested.

The plaintiff in rebuttal then offered in evidence the affidavit of non-residence of McFeely and the order of publication, and offered to read in evidence the assessor's books of said county for the years 1871 to 1876, inclusive, to show that the same had not been verified by the affidavit of the assessor as the law requires, and that no legal assessment of said lands had been made for said years. To the introduction of the assessor's books, the defendants objected and the court sustained the objection and refused to permit said books to be introduced in evidence, to which ruling the plaintiff excepted.

The case was tried before the court without a jury. The court refused all the declarations of law asked by the plaintiff, and, at defendants' request, declared the law of the case to be that " the judgment in the tax suit and the sheriff's deed thereunder, as introduced in evidence, were sufficient to convey the title to the purchaser. The proceeding by suit against the lands for delinquent taxes was properly conducted against the person appearing from the deed records to be the real owner of the land. If the purchasers at the sheriff's sale under tax judgment had no notice of previous conveyance by McFeely to another person, their purchase

and deed gave them title good against all claimants under the unrecorded deed, although executed before the tax proceedings ;" found the issues for the defendants and rendered judgment in their favor.

1.    There was no error in sustaining the objection of the defendants to the introduction of the assessor's books for the purpose of showing that they, not having been verified by the assessor's affidavit, the lands in controversy had not been legally assessed for the years 1871–1876.   The judgment of the circuit court in the tax suit was conclusive as to the validity of the assessment in a collateral proceeding.   *Jones v. Driskell,* 94 Mo. 190 ; *Allen v. McCabe,* 93 Mo. 138 ; *Brown v. Walker,* 85 Mo. 262 ; *Wellshear v. Kelly,* 69 Mo. 343 ; *Hill v. Sherwood, ante,* p. 125.

II.    The sufficiency of the order of publication and the affidavit on which it was issued was questioned in the trial court.   The petition was signed by the relator, J. W. Lacompt, as collector of Barry county, who made affidavit at the end of it " that he has good reason to believe and does believe that the within named John McFeely is a non-resident of the state of Missouri." Whether regarded as an allegation in the petition or an affidavit of non-residence, it is a substantial compliance with the requirements of the statute.

III.    " The object and general nature of the suit " is sufficiently stated in the order to be "to obtain judgment against him for the taxes, interest and costs due on the south half of section 14, township 23, range 29, in Barry county, Mo., for the years 1871, 1872, 1873, 1874, 1875 and 1876, amounting in the aggregate to $92.86."   It was not absolutely necessary that the order of publication should contain a description of the land. (*Goldsworthy v. Thompson,* 87 Mo. 233), but if it had been by this description the land could easily and readily have been identified and located.   2 W. S. p. 1212, sec. 240.

IV.   The difference between the amount of the judgment and the amount of the taxes stated in the order was caused by the addition to the latter · amount of interest on the amount claimed as prayed for in the petition.   If error was committed in this, it could only be reached by a timely motion directed against the judgment ; it can avail nothing as against that judgment in a collateral proceeding.

V.   McFeely was duly served ; he was the patentee of the lands in controversy ; his patents therefor had never been placed upon the records of Barry county. Since April 10, 1867, he has had no interest in the premises.   At the time the tax-suit was instituted, when the sale was made, and when the sheriff's deed was executed and delivered, George Crown was the real owner of the land by warranty deed spread upon the records of the county in which the land was situate.   While it in no way appeared upon the records that McFeely had ever conveyed land, also, it in no way appeared by those records, so far as shown in the evidence in this case, that he was then the owner of the land.

The law under which this tax-suit was brought required that it should be brought against "the owner of the property."   Laws of 1877, p. 384, sec. 4. In *Vance v. Corrigan*, 78 Mo. 94, it was held, under a statute requiring suits for the enforcement of liens for special taxes to be brought against the owner of lands, that a suit could be brought and a valid judgment rendered against the land by making the person, appearing by the registry of deeds to be the owner, party defendant to the suit, in the absence of notice that such person was not the true owner, and that a purchaser under the judgment in such suit in the absence of such notice would be protected in his purchase against the holder of an unrecorded deed from such apparent owner.   The priniple of this case, as applicable to a judgment in a suit for delinquent taxes under the general revenue law of

1877, was recognized in *State ex rel. v. Sack,* 79 Mo. 661, and followed in *Cowell v. Gray,* 85 Mo. 169 ; *Evans v. Robberson,* 92 Mo. 192, and in *Payne v. Lott,* 90 Mo. 676. In this last case, it was further held that a suit brought against a person who appeared to be the owner of the land by the plat-book of the lands duly certified and on file in the county clerk's office, as required under sections 6697 and 6703, Revised Statutes, 1879, was within the principle of the foregoing cases. The principle upon which these cases rest is, that every person not having actual notice as to who is the real owner of lands, has a right to rely upon the records provided by law to be kept for the purpose of showing that ownership ; to give notice of that fact is the object of their existence. The law points the revenue officers of the state to these records of the evidence of ownership, upon which to base their official action in the assessment and collection of the revenue, and keeps them open for the inspection of the citizen, that his individual action may be guided thereby, and will uphold the action of either when based thereon in good faith without better information, but they neither confer title nor make owners ; they simply give notice.

Now what notice did the records in this case give the collector who brought the tax-suit and to the purchaser at the tax-sale ? Not that McFeely was the owner of the land. No record existed in Barry county at that time, so far as the evidence in this case shows, pointing to him as the owner of this land, except perhaps the tax-book in the collector's office, and that this was no such record as would protect the purchaser was vigorously asserted in *Watt v. Donnell,* 80 Mo. 195. The only evidence of ownership to be found in these records at that time was the warranty deed from Lowe and wife to George Crown. Crown was the man pointed to by these records as the owner of the land, and in doing this they accomplished their purpose, for he was then in fact the real owner. Of the record of his deed, the collector and purchaser were

bound to take notice; they cannot claim to have acted on the faith of the record and then ignore it or any part of it. And the purchaser who, paying no heed to the warning it gave that the patentee, whoever he might be, had in all probability parted with his title, purchases the land in the hope that he may by his purchase get that title, must take the risk of getting it, and cannot invoke such record to protect his purchase against the true owner. He does not come within the principle by which the purchasers at tax-sales were held to be protected by the record in the cases cited. In the absence of such protection he gets only the title of the defendant in the tax-suit, which in this case was none at all, he having many years before parted with it to the plaintiff's grantors, from which it follows that the plaintiff had the better title on the evidence, that the court erred in the declarations of law given for the defendants and in refusing plaintiff's declarations numbered one, three and six, and in finding for the defendants instead of for the plaintiff.

The judgment of the circuit court is therefore reversed and the cause remanded. All concur except RAY, J., absent, SHERWOOD and BLACK, JJ., in the result.