SCHNITGER et al., Appellants, v. RANKIN et al.

Division Two, December 12, 1905.

1. TAX SUIT: Party Defendant. It is sufficient to bring a suit for taxes against the party who by the records appears to be the owner.

2. ———: Record Owner: Married Woman. Where a married woman was the record owner of land, and also the real owner, and her husband died, and she subsequently married, suit for delinquent taxes can not be delayed until the marriage records are searched to ascertain her surname as shown by her last marriage, but suit may be maintained against her in the name shown by the deed record.

3. ———: ———: Suit Against Married Woman. A suit for taxes against land which the records show to be owned by a married

Schnitger v. Rankin.

woman may be brought against her by the record name. The fact that after her deed was recorded her husband died and she again married and thereby changed her name, does not make a publication of summons directed to her by her record name insufficient or the judgment invalid.

4. ———: ———: ———: Publication Against Married Woman. The record owner and real owner was Louisia Bornemann, as appeared by deed duly recorded in 1860 and she was at that time the wife of Alexander Bornemann who died in 1863. In 1864 she married Gustave Schnitger, who died in 1896. The suit for taxes was brought in 1883, by publication directed to Louisia Bornemann and ——— Bornemann, her husband. *Held*, first, that as the record owner of the land Mrs. Schnitger was Louisia Bornemann at the time the tax suit was brought, and the statute authorized the institution of the suit for taxes against her by that name; second, that the presumption will be indulged that she knew the record name by which she held the land and also that she had not paid her taxes upon it, and that the State would enforce its claim for such taxes; and, third, that, in an ejectment by her heirs against the purchaser, the sale under the judgment against her by that name carried her title.

5. ———: ———: ———: ———: Dead Person. Summons by publication in a tax suit, where the record owner was a married woman and had changed her name by marriage, is not the same as a publication directed to a dead person.

Appeal from Jefferson Circuit Court.—*Hon. F. R. Dearing*, Judge.

AFFIRMED.

*Warren D. Isenberg* for appellants.

The suit was against Louisia Bornemann and ——Bornemann, her husband, whereas her legal and correct name at the time was Louisia Schnitger the wife of G. Schnitger, and the summons by publication was against Bornemann. It will not be questioned that the court did not acquire jurisdiction of her first dead husband, nor as to her second husband who was not sued. Williams v. Hudson, 93 Mo. 524; Crosley v. Hutton, 98 Mo. 196; Waves v. Ewart, 99 Mo. 13. The law casts upon a woman upon her marriage the sur-

name of her husband. Schouler on Husband and Wife, sec. 62; Draude v. Rohner Chair Co., 9 Mo. App. 249; Freeman v. Hawkins, 77 Tex. 498; Morris v. Tracy, 58 Kan. 137. From and after 1862, the date of marriage to Schnitger, there was no such person as Louisia Bornemann, but by virtue of the law the person who had answered to such name was now at law Louisia Schnitger, and it would be a fraud for her to attempt to be known or use any other name than Schnitger, and a summons by publication, constructive service, would not give jurisdiction of her—thus making the proceedings absolutely void. Our courts say: "No one is served by publication who is not named, or, what amounts to the same thing, is incorrectly named." Troyer v. Wood, 96 Mo. 476; Chamberlin v. Blodgett, 69 Mo. 482; Hartmann v. Hornsby, 142 Mo. 368; Corrigan v. Schmidt, 126 Mo. 311; Skelton v. Sackett, 91 Mo. 377; Moore v. Woodruff, 146 Mo. 597; Howell v. Jump, 140 Mo. 441.

*Byrns & Bean* for respondents.

(1) The law points the revenue officers of this State to the record for the evidence of ownership upon which to bring suit for back taxes. Sec. 9303, R. S. 1899; Vance v. Corrigan, 78 Mo. 94; Cowell v. Gray, 85 Mo. 169; State ex rel. v. Sack, 79 Mo. 661; Hilton v. Smith, 134 Mo. 508; Allen v. Ray, 96 Mo. 546. (2) There would be no safety in purchasing at judicial sales under judgments rendered after due process on female defendants, if the title of the purchaser could be defeated by proof, in a collateral action, that the defendant in judgment was a married woman. Freeman on Judgments (3 Ed.), sec. 150. (3) Judicial proceedings conducted and entered of record in due form, without fraud, bind the parties to them, whether the parties are capable of binding themselves or not; this is so with a woman under coverture. 2 Bishop on

the Law of Married Women, sec. 386; Asbury v. O'Dell, 83 Mo. 267; Galbreath v. Rogers, 30 Mo. App. 406.

FOX, J.—This cause is pending in this court upon an appeal by plaintiffs from a judgment in an eject-ment suit of the Jefferson County Circuit Court in favor of defendants. The petition is the ordinary and usual one in cases of this character. The land involv-ed is situated in Jefferson county, Missouri, and de-scribed as follows: The southeast quarter of section four, township forty-three, range four east, containing 160 acres. The answer is a general denial, and also pleading the Statute of Limitations in bar of the ac-tion. The issues being thus joined, the cause was sub-mitted to the court, without the aid of a jury, upon the following agreed statement of facts:

"The fee simple title to the land in controversy was by deed dated in 1860 duly vested in Louisia Borne-mann, who was then in truth and fact the wife of Alex-ander Bornemann, which fact did appear by said deed which was duly recorded in deed records of Jefferson county, book R, page 144, in 1860. That Alexander Bornemann died in 1863, that they had one son Gustave Bornemann, whose wife is Ida Bornemann now living as her sole heir. That the suit as to Gustave Schnitger is hereby dismissed, he being a party plaintiff. That upon the death in 1863 of Alexander Bornemann, Lou-isa Bornemann, the owner of the fee simple title, be-came a widow. That in 1864 she married Gustave Schnitger and became Louisia Schnitger and remained such until her death in 1896, being then survived by her husband, G. Schnitger.

"That in 1878 a suit for delinquent taxes on the land in controversy was filed in the circuit court of Jefferson county to enforce the tax lien upon said land, the suit being against Louisia Bornemann and —— Bornemann, her husband; that in said suit no per-

sonal service was had on Louisia Schnitger in any name, but that in said suit an order of publication was had in due form to Louisia Bornemann and —— —— Bornemann her husband, which was published as required by law. That there was no service of any kind on Louisia Schnitger as such; that judgment was rendered and the land sold in accordance with law upon the publication aforesaid, and that Samuel Byrns received a deed to same from the sheriff under said judgment which was rendered in due time and the land sold by deed to defendants by said Byrns about the year 1887.

"That said Bryns and his assigns were not aware of the death of Alexander Bornemann in 1863 and of Louisia Bornemann being from 1864 to her death in 1896 Louisia Schnitger. That said Byrns and assigns have paid taxes on the land since their purchase in 1879. That defendants and those under whom they claim have had actual possession of the land in controversy since November, 1880, claiming title thereto and paying the taxes and doing other acts of ownership."

Upon this agreed statement of facts plaintiffs asked the court to declare the law to be as follows:

"The court declares the law to be that the court acquired no jurisdiction over Louisia Schnitger in this case, for the following reasons: First. That the publication of a summons to Louisia Bornemann and—— —— Bornemann, her husband, being a constructive service, would give the court no jurisdiction over Louisia Schnitger, a married woman, and at the time the wife of G. Schnitger. Second. That at the time the suit was filed and judgment rendered, being before July 1, 1883, a married woman could not be sued without her husband being joined, therefore, the court acquired no jurisdiction of Louisia Schnitger, her husband, G. Schnitger, not being sued, especially where as in this instance the service is constructive. Third. That —— —— —— Bornemann, husband of Louisia Bornemann,

being dead, and she being a married woman, the wife of G. Schnitger, the court acquired no jurisdiction by constructive service of summons upon a dead husband and her by her wrong name.

"The court declares the law to be that Louisia Schnitger, wife of G. Schnitger, in whom the fee simple title was vested, was not entitled to the possession of the land, that right being in her husband G. Schnitger, she being under coverture and he by virtue of his right to the possession as her husband was a necessary party and liable for the taxes on the land at the time of the institution of the suit involved in this case for delinquent taxes.

"The court declares the law to be that limitation does not run in favor of the defendants so as to bar plaintiffs from recovering."

All of which instructions were by the court refused, and the cause being submitted to the court, a finding was made and judgment rendered in favor of the defendants. After an unsuccessful motion for new trial, plaintiffs prosecute their appeal from the judgment rendered to this court, and the cause is now here for our consideration.

### OPINION.

Upon this record appellants assign numerous errors in the action of the trial court as a basis for the reversal of this judgment. There are but two legal propositions involved in this controversy:

1. Did the order of publication confer jurisdiction upon the court in this proceeding?

2. Louisia Schnitger, formerly Louisia Bornemann, being a married woman at the time of the institution of the tax suit, and her husband, Gustave Schnitger, not being joined with her in the suit, did these facts, under the law in force at that time, render the judgment void and subject to attack in a collateral proceeding?

. While numerous other contentions are urged by appellants it is apparent that the solution of the propositions indicated settle this controversy. If the court acquired no jurisdiction by virtue of the tax proceeding indicated in the agreed statement of facts, and the judgment in that proceeding was void, then beyond dispute plaintiffs were entitled to recover. Hence it is apparent that the rights of the parties in this controversy depend entirely upon the regularity of the tax proceedings in which the State, at the relation of the collector, sought under the provisions of the statute, to recover the taxes due upon this land.

The statute, section 9303, Revised Statutes 1899, which is substantially the same as Revised Statutes 1879, has repeatedly been in judgment before this court. In Hilton v. Smith, 134 Mo. l. c. 508, in discussing the proposition as to the proper party against whom the suit for taxes should be brought, it was said by this court: "The owner, then, in contemplation of the statute, against whom the suit must be brought and thereafter prosecuted, is the actual owner, if known, or, if unknown, the apparent owner as shown by the records of the land titles in the county. The law points the revenue officers of the State to these records for the evidence of ownership upon which to base their official action. The ownership includes all persons who have known or recorded interests in the land at the time the suit is commenced. The date of commencing the suit is the time fixed for determining the ownership. Persons who have neglected to make known their ownership, by record, or otherwise, will be presumed to have notice of the pendency of the suit and will be bound by the judgment therein. The suit proceeds against the property, and the collector is not required to add and bring in new parties as they make their interests known. One holding an unrecorded instrument affecting the title to the land should not be allowed to defeat the objects of the law and obstruct

the collection of the revenue by filing it for record before judgment of sale.''

In Allen v. Ray, 96 Mo. l. c. 546, this court, in treating this proposition, speaking through BRACE, J., said: ''In Vance v. Corrigan, 78 Mo. 94, it was held, under a statute requiring suits for the enforcement of liens for special taxes to be brought against the owner of lands, that a suit could be brought and a valid judgment rendered against the land by making the person, appearing by the registry of deeds to be the owner, party defendant to the suit, in the absence of notice that such person was not the true owner, and that a purchaser under the judgment in such suit in the absence of such notice would be protected in his purchase against the holder of an unrecorded deed from such apparent owner. The principle of this case, as applicable to a judgment in a suit for delinquent taxes under the general revenue laws of 1877, was recognized in State ex rel. v. Sack, 79 Mo. 661, and followed in Cowell v. Gray, 85 Mo. 169; Evans v. Robberson, 92 Mo. 192, and in Payne v. Lott, 90 Mo. 676. In this last case, it was further held that a suit brought against a person who appeared to be the owner of the land by the plat-book of the lands duly certified and on file in the county clerk's office, as required under sections 6697 and 6703, Revised Statutes 1879, was within the principle of the foregoing cases. The principle upon which these cases rest is, that every person not having actual notice as to who is the real owner of lands, has a right to rely upon the records provided by law to be kept for the purpose of showing that ownership; to give notice of that fact is the object of their existence. The law points the revenue officers of the State to these records of the evidence of ownership, upon which to base their official action in the assessment and collection of the revenue, and keeps them open for the inspection of the citizen, that his individual action may be guided thereby, and will uphold the action of either

when based thereon in good faith without better information." To the same effect is Cowell v. Gray, 85 Mo. 169; State ex rel. Hunt v. Sack, 79 Mo. 661.

Thus we have the law settled by these cases so far as the question is concerned as to who should be made a party to the tax proceeding—that it is sufficient to bring the suit against the owner as appears of record. It is conceded by the agreed statement of facts that Louisia Bornemann was the record owner in fee of the land in controversy, and had been since 1860. There is an entire absence from the record of any disclosure of her marriage to Schnitger, nor does the record disclose the name of any other person who was interested in this land. It is clear that if the State, under the provisions of law in force at the time of the institution of this tax proceeding, had to wait for the collection of its delinquent taxes until the marriage records of the various States in this Union could be examined to ascertain if some woman, who is the real owner, as well as the record owner, had not intermarried, so as to determine against whom to bring the suit, we confess that in cases of that kind, under the law as then existing, the taxes would remain unpaid. This publication was directed to Louisia Bornemann, who, according to the agreed statement of facts, had intermarried with Gustave Schnitger. Louisia Bornemann and Mrs. Schnitger was one and the same person. As a married woman she was Mrs. Schnitger; as the record owner of this land she was Louisia Bornemann, and the statute, as repeatedly construed by this court, authorized the institution of this suit to enforce the collection of taxes, against the owner of the land as shown by the record. The very object and purpose of the construction of the statute authorizing the institution of the suit against the record owner, is to avoid delay and enforce the claim of the State in which it is sought to require property to contribute its due share toward the

support of the government, which furnishes and affords due protection to such property. The presumption will be indulged that Louisia Bornemann knew the record name by which she held this land and also that she had not paid her taxes upon it, and that the State would enforce its claim for such taxes.

Counsel for appellant insists that the same rule should apply to a publication where the record owner was a married woman and had changed her name by marriage, as is applied to a publication directed to a dead man. We cannot give our assent to this contention. In the one case there is no living person upon whom the process can operate; in the other, there is a living person, and though her name be changed by virtue of marriage, yet she is one and the same person as the record owner of the land. The record owner was the proper party in this proceeding. The record, at the time of the institution of the tax proceeding, did not disclose that Mrs. Schnitger and her husband were the record owners of this land; hence, if the suit had been brought against them as husband and wife, they not being the record owners, the purchaser under a judgment rendered in that case, would have no protection against a party who should happen to have had an unrecorded conveyance from Mrs. Schnitger prior to her marriage, for the reason that it is only when the suit is brought in the name of the record owner, that the presumption attaches that the holder of such unrecorded conveyance has notice of the pendency of the suit, and would be bound by the judgment. Therefore, it is apparent that the purpose of requiring the suit to be brought against the record owner is a very significant one, and is important to purchasers at judicial sales under such proceedings. Again, the judgment in the tax proceeding was not void, for the record in that proceeding does not disclose upon its face that it was a judgment against a married woman. It was said in the case of Asbury v. Odell, 83 Mo. l. c. 267, that "the

absolute nullity of a judgment rendered against a married woman obtains principally in cases in which the record discloses her coverture and consequent inability to contract or incur the debt or liability for which the judgment is given." Mr. Freeman, in his standard work upon Judgments (4 Ed.), volume 1, section 150, in speaking of judgments of the character of the one rendered in this tax proceeding, says: "There would be no safety in purchasing at judicial sales under judgments rendered after due service of process on female defendants, if the title of the purchaser could be defeated by proof in a collateral action that the defendant in the judgment was a married woman at the time of the institution of the suit, or that she was incapable in law of contracting the debt for which the judgment was rendered." In treating of this subject, Bishop, in his Laws of Married Women, volume 2, section 386, thus announces the rule: "Judicial proceedings, conducted and entered of record in due form, without fraud, bind the parties to them, whether those parties are capable of binding themselves out of court or not." This doctrine as announced by Mr. Bishop, was quoted approvingly in Galbreath v. Rogers, 30 Mo. App. 401.

The record in this case discloses that the owner of this land neglected for years and years to pay the taxes due the State and county upon it, and the State sought, in the manner pointed out by the statute, to enforce its claims for such taxes, and in 1879 the judgment was rendered in that proceeding. Mrs. Schnitger was alive for seventeen years after the rendition of this judgment, and there is an entire absence of any testimony that she asserted any claim or title to this land or made any complaint as to the validity of the judgment. Upon this state of facts it is perhaps not inappropriate to say that the courts do not look with favor upon claims of this character.

We have examined and fully considered the authorities cited by appellant, and it is sufficient to say that they in no way conflict with the conclusions reached in this case in respect to proceedings to enforce the lien of the State for back taxes under the provisions of the statute. It is unnecessary to express an opinion upon the instructions refused; we have indicated our views upon the controlling propositions disclosed by the record, which results in the conclusion that the judgment was for the right party and should be affirmed.

All concur.