STATE ex rel. CLAY BLACK, Respondent, v. LAURA E. BARTLETT, Appellant.

St. Louis Court of Appeals, February 1, 1910.

1. MUNICIPAL CORPORATIONS: Action to Collect Taxes: Parties. An action by a city of the fourth class to collect taxes is not one strictly *in rem*, hence the owner is a necessary party.

2. ———: Pleading: Judgment Must Conform to. In a suit by a city of the fourth class to recover unpaid taxes, it was error to render judgment for the taxes for a year not covered by the petition.

3. ———: Action to Collect Taxes: Necessity of Proving Ownership: Evidence: Taxbills. In a proceeding by a city of the fourth class to recover judgment for unpaid taxes and to enforce it as a special lien against the property, it is necessary that at least a prima facie case of ownership of record or otherwise be made out, and the fact of ownership is not established by the taxbill alone.

Appeal from Scotland Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

REVERSED.

*E. R. Bartlett* for appellant.

*Luther & Gundy* for respondent.

REYNOLDS, P. J.—This is a suit by the collector of the city of Memphis, Scotland county, to recover judgment and enforce it as a special lien against lots in the city of Memphis alleged to be the property of the defendant, it being claimed that she is delinquent in taxes due the city of Memphis for the years 1898, 1899, 1900 and 1901. In the original petition filed in the suit, it was charged that the defendant was also delinquent for the taxes of 1902, but on demurrer sustained to that and an amended petition being filed, the taxes alleged to be due for 1902 were omitted. The only evidence introduced in the case was what is called a back taxbill, which appears to have been originally made out in favor of the city of Memphis and against one James B. Dodge, and then altered by writing in the name of the defendant, Laura E. Bartlett. The court entered judgment against the defendant for the taxes for 1898, 1899, 1900, 1901 and 1902, declaring them a lien on the lots described. Defendant appealed.

The answer was a specific denial of all the allegations of the petition, denying ownership of the property as well as the right of the relator to sue. The fact of ownership was therefore distinctly in issue.

Memphis is a city of the fourth class. Section 5942, of the Revised Statutes, vests the power to collect city taxes of a city of that class in the city collector, "in the same manner and under the same rules and regulations as are or may be provided by law for the collection and the enforcement of the payment of state and county

taxes." Section 9303 makes the taxbill "prima facie evidence that the amount claimed in the suit is just and correct." The same section requires the action to be against the owner of the property. [Jaicks v. Sullivan, 128 Mo. 177, l. c. 183, 30 S. W. 890; Schnitger v. Rankin, 192 Mo. 35, 91 S. W. 122.] This is obviously correct, for in the Jaicks case, supra, as in many other cases, our courts have held this not to be a proceeding strictly *in rem*; hence the owner is a necessary party, and at least a prima facie case of ownership of record or otherwise must be made out. The fact of ownership is not established by the taxbill alone. In the case at bar, beyond the introduction of the taxbill, there was no proof of ownership whatever. Moreover, the judgment is for taxes of 1902, which are not covered by the petition. The demurrer interposed by the defendant at the close of the testimony—more correctly her motion for judgment on the pleadings and evidence, should have been given.

The judgment of the circuit court is reversed. All concur.