Watt v. Donnell.

---

WATT, *Plaintiff in Error*, v. DONNELL.

| | |
|---|---|
| 80 | 195 |
| 96 | 547 |
| 97 | 360 |
| 80 | 195 |
| 104 | 606 |
| 80 | 195 |
| 128 | 187 |
| 80 | 195 |
| 86a | 316 |
| 80 | 195 |
| 87a | 176 |

1. **Tax Deed**: ADVERSE POSSESSION. A tax deed made under the Back Tax Act of 1877 is of no validity as against one who has acquired title to the land by possession and is in the actual occupation thereof, unless he is made a defendant in the tax suit.

2. ———: EJECTMENT. Such a deed passes only the title of the defendant in the tax suit, and unless supplemented by evidence that he had some title will not authorize a recovery in ejectment.

3. ———: TAX BOOKS. The books in the collector's office are not records within the rule in *Vance v. Corrigan*, 78 Mo. 94, so that if the name of the defendant in the tax suit appears on those books as owning the land, he is to be regarded as the record owner.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

*W. H. H. Thomas* for plaintiff in error.

*Dinning & Byrnes* for defendant in error.

PHILIPS, C.—This is an action of ejectment for the recovery of the possession of forty acres of land. The answer only claimed possession of a small portion of the forty acres inclosed, and as to the part so claimed it pleaded the statute of limitations as a bar to plaintiff's action.

The plaintiff claimed title through a tax deed executed in 1878 to the forty acres in question, including other lands. The record in the proceedings for the enforcement of the alleged tax lien shows that the suit was instituted against one Henry Whiten, as the owner of the land, who was a non-resident. Judgment was rendered on constructive notice by default. The evidence offered by defendant in support of the issue of adverse possession tended to prove that defendant's father had about seven or eight acres of this land inclosed with a fence, and cultivated the same for twenty years or more, claiming it as his own. The defendant testified that he, and his father before him as far back as he could remember, claimed the field in controversy; that they had it fenced and cultivated as their own; that his father cultivated the same up to the year 1857, when he conveyed all his lands to him (the defendant), since which time the defendant had every year continued to cultivate said field, claiming the same " as his own." On cross-examination, witness stated that they did not claim to have the "title" to the land, but had always claimed the land as theirs. They never had it assessed to them, nor paid any taxes thereon. One or more witnesses testified on behalf of plaintiff that they heard the defendant say he did not claim the land as his.

The plaintiff does not appear to have asked any instruction. The court gave the following instruction on the part of the defendant: "If the defendant, either in person, or in person and together with those under whom he

claims, have had the land in controversy fenced and in cultivation, and been in the actual, open, visible, adverse, notorious possession and occupancy of it for more than ten years consecutively next before the institution of this suit, claiming the same during all such time, with the intention of holding the same, then in such event the plaintiff is not entitled to recover." The court sitting as a jury found the issues for the defendant, and the plaintiff brings the case here on writ of error.

The position assumed by the plaintiff in error is, conceding the title of defendant by adverse possession, that the sheriff's deed under the tax sale passed the absolute title in fee to the land against all the world. The argument is, that by the terms of the statute the suit for the enforcement of taxes must be lodged against the owner of the land, and that such owner is as appears by record; and the learned counsel goes to the extent of saying that such record is " either the record in the recorder's office or the tax book in the collector's office."

The case of *Vance v. Corrigan*, 78 Mo. 94, is cited in support. This case must be considered with reference to 1. TAX DEED: adverse the facts at issue. It was a controversy possession. between the holder of the tax deed and the holder of the unrecorded deed. Both parties claimed title from the same grantor. The fact is distinctly stated in the opinion that neither Barnes, the original owner, nor Vance, the holder of the unrecorded deed, " ever had actual possession of the lot. There is nothing to show whether or not Corrigan had any knowledge or notice of the deed of Barnes to Vance or of the latter's ownership of the land." Manifestly there Barnes, whose title was of record in the recorder's office, was the apparent owner. The point decided was that the purchaser at the tax sale acquired the title as against the holder of the unrecorded deed not in possession. He was an innocent purchaser in such state of facts under the Registry Act.

The case further expressly decides that the purchaser

at the tax sale takes the interest, and no more, of the de-
2. ——: ejectment. fendant in execution in the land so sold.
If the records of land titles at the time of the sale show
him to be the owner, the purchaser acquires that apparent
interest, whatever it is, provided he have not notice at the
time of sale that such apparent owner was not the real
owner. But the case of *Vance v. Corrigan* is not this case.
There is nothing in the record before us to show that the
man Whiten, whose interest was sold, ever had a shadow
of title to the land in controversy. No record title or deed
was offered or given in evidence at the trial to show that
he was even the apparent owner; nor was it shown that he
ever had possession of the land or asserted any manner of
claim to it.

The suggestion that the books in the collector's office
are such records as would come within the principle asserted
3. ——: tax books. in the *Vance–Corrigan case* is not to be
entertained for serious discussion. It would be a mon-
strous proposition to assert in favor of the taxing power,
under the statute in question, that because a judgment is
rendered against A in a tax collector's suit, without more,
it is conclusive evidence that A owned the land libeled. A
legislative enactment compassing such a result would be
violative of the fundamental law of the land as depriving
the citizen of private property without the due process of
law.

If, as a matter of fact, the defendant and those under
whom he claims, had been in possession of the piece of
land, in manner as alleged in the answer, for more than ten
years, he was the owner in law of the land so occupied.
A title by adverse possession as effectually vests the title
in the occupant as if he had an unbroken title by deed. It
may "properly be referred to as a source of title; and is
really and truly as valid as a grant from the sovereign
power of the state." Tyler on Eject., 88; *Nelson v. Brod-
hack*, 44 Mo. 600, and authorities cited. His long continued,
open and notorious possession stands for notice.

It is unnecessary, in this case, to pass upon the correctness of the declaration of law made by the court. Under the proofs the verdict was for the right party. The judgment of the circuit court is, therefore, affirmed. All concur.