Jaicks v. Sullivan.

---

JAICKS, *Appellant*, v. SULLIVAN *et al.*

Division Two, April 12, 1895.

1. **Kansas City Charter:** STREET IMPROVEMENT: LIEN: PROCEEDING IN REM. A proceeding to enforce a lien for street paving against an abutting lot under the charter of Kansas City (Laws, 1875, p. 252), is not a proceeding *in rem* strictly, the intention of the legislature being that the right or title of no owner should be affected or bound, unless he is made a party or notified according to law.

2. **Practice:** STATUTE OF LIMITATIONS: NEW PARTIES. Where, between the time of the commencement of an action and when new defendants are brought in, the statutory period of limitation has expired, the new parties may plead the statute, although the defense was not available to the original defendants.

128 177
65a 116
128 177
154 606
128 177
f 158 463
86a 316

3. **Tax Bill**: LIMITATION: NEW PARTIES.   Where, under a statute pro-
viding that a tax bill shall be a lien on the property for two years but
no longer, unless within that time suit is brought, suit is commenced
against S. alone, who is at the time deceased, and after two years his
heirs are brought in by amendment, the action is barred.

*Appeal from Jackson Circuit Court.*—HON. R. L.
YEAGER, Judge.

AFFIRMED.

*T. B. Buckner* for appellant.

(1) The charter provides that the suit shall be
brought against the "owner of the property."   Laws,
1875, p. 250, *et seq.*   (2) Construing this provision, it
has been held by our court: "That, in the absence of
any knowledge or notice, to the contrary, the holder of
the bill has a right to assume that the person in whom
the records showed the title to be vested was the true
owner and sue accordingly."   *Vance v. Corrigan*, 78 Mo.
97.   (3) The proceeding is really against the land,
although a personal defendant is necessary to the valid-
ity of the proceeding, but no personal judgment can be
rendered in the suit, and it is sufficient to proceed
against the record title when the true owner is un-
known."   *Same*, 97; *Cowell v. Gray*, 85 Mo. 169; *Payne
v. Lot*, 90 Mo. 676; *Allen v. Ray*, 96 Mo. 542; *Crane v.
Dameron*, 98 Mo. 567.   (4) The suit to collect the tax
bill was brought within two years from the issue thereof
against Richard L. Sullivan, the admitted record owner
of the property against which the bill was issued.
This, under the charter, continued the lien in force
until the determination of the legal proceedings to col-
lect the same.   Acts, 1875, p. 252, sec. 4; *Dougherty v.
Downey*, 1 Mo. 64; *Wright v. Pratt*, 17 Mo. 43; *Gosline
v. Thompson*, 61 Mo. 471.   (5) The running of the
statute was arrested by bringing the suit within two

years from the date of its issue against the record owner, and bringing in new owners by amendment, who were in no way shown to be interested by the record, did not state a new cause of action. In this class of cases the courts have been liberal in allowing amendments to save the statute from running, when the cause or substance of the action is not changed. *Mann v. Schroer*, 50 Mo. 306; *Hannon v. Gibson*, 14 Mo. App. 33; *Newman v. Railroad*, 19 Mo. App. 100; *Lottman v. Barnett*, 62 Mo. 159.

*Brown, Chapman & Brown* for respondents.

(1) This action was not commenced against defendants within the two years after the tax bill was issued. The lien of a tax bill continues for two years, and no longer. Parties made defendant after the lien of the tax bill has expired, such tax bill can not be enforced against the interests of such defendants in the property. The lien of this tax bill was dead before defendants were made parties, and no act of plaintiff could give it further life. *Smith v. Barrett*, 41 Mo. App. 460; *Bombeck v. Devorss*, 19 Mo. App. 38; *Fury v. Boeckler*, 6 Mo. App. 24; *Altman v. Cole*, 16 Neb. 4; Hawes on Parties to Actions, sec. 8, note 20; *Jeffers v. Cook*, 58 Cal. 147; *Shaw v. Cock*, 78 N. Y. 196. (2) "Only the right, title, interest and estate of the parties made defendants in any suit shall be affected or bound thereby, or by the proceeding therein." Laws of 1875, p. 252, sec. 4. (3) There was no proper suit commenced upon this tax bill within two years. The defendant named had been dead more than four years. A dead man can own nothing of record, or otherwise. A judgment in a suit commenced and prosecuted against a dead man is void as to him and those claiming under him. *Bollinger v. Chouteau*, 20 Mo. 89; *Williams v.*

*Hudson*, 93 Mo. 524; *Crosley v. Hutton*, 98 Mo. 196. (4) The amended petition made a complete change of parties defendant. This appears upon the face of the record. A complete change of parties constitutes a new cause of action. *Clements v. Greenwell*, 40 Mo. App. 594; *Thieman v. Goodnight*, 17 Mo. App. 434. (5) The limit to strike out and add parties is that there shall not be an entire change of the parties, plaintiff or defendant. *Courtney v. Sheehy*, 38 Mo. App. 293; Hawes on Parties to Actions, sec. 106, and note 12; *Berry v. Ferguson*, 58 Ala. 314; *Association v. Remington A. Wks.*, 89 N. Y. 22; *Taylor v. Taylor*, 43 Ala. 649; *Steed v. McIntyre*, 68 Ala. 407; 17 Am. and Eng. Encyclopedia of Law, p. 619, and note. (6) The amendment of section 6345, Revised Statutes of 1889, has not changed the above rule. *Altheimer v. Teuscher*, 47 Mo. App. 286.

GANTT, P. J.—This cause has been certified to this court by the Kansas City court of appeals, as required by the constitution, because of a difference of opinion among the judges of that court, and because the opinion of the majority was deemed to be in conflict with a prior decision of the St. Louis court of appeals. *Eyermann v. Scollay*, 16 Mo. App. 498.

On the nineteenth of November, 1886, Richard L. Sullivan was the owner of lot number 20 in block 8 in Fairmount Park, an addition to Kansas City, Missouri, and on that day died, leaving defendants as his only heirs at law. Afterward, on the thirteenth day of October, 1888, said City of Kansas passed an ordinance number 44028 requiring twenty-fifth street in said city to be paved, and on the twenty-fourth day of December, 1888, the city engineer certified a tax bill in favor of Andrew Jaicks against said lot number 20 in block

8, Fairmount Park, for the sum of $70.92 as its share of the cost of said improvement.

By the charter of Kansas City then in force it was provided that: "Every such tax bill shall be a lien on the property therein described, against which the same may be issued on the date of the receipt to the city engineer therefor, and such lien shall continue for two years thereafter, *but no longer*, unless suit be brought to collect the same within two years from the issue thereof, in which case the lien shall continue until the determination of the legal proceedings to collect the same, including any sale of the property charged." Sec. 4, art. 8, Kansas City Charter, Laws of 1875, p. 252.

It is further provided in the same section that "before suit the owner of any part or severalty, or undivided interest in any land charged by any tax bill, may pay his share separately, in which case his interest shall not be further liable in case of suit; all such, or any of the owners of the land charged, or any interest or estate therein, may be made defendants, but only the right, title, interest and estate of the parties made defendants in any suit, shall be effected or bound thereby, or by the proceedings therein. In case any owner of the ground, or of any interest therein, is unknown, or a nonresident of the state, suit may be brought against such owner separately, or together with others, and such nonresident or unknown owner shall be brought in by an order or notice against such owner, published as in ordinary suit to enforce a lien against land."

On the twenty-third day of December, 1890, the plaintiff began a suit in the circuit court of Jackson county to enforce his lien. The only defendant named in this suit was Richard L. Sullivan. An ordinary summons was issued and the sheriff made a *non est*

return.    Thereupon an order of publication was made directed against said Richard L. Sullivan requiring him to appear on October 12, 1891, the first day of the October term, 1891, and, default having been made, judgment was taken and an execution was awarded.    The sale was advertised and Mrs. Sullivan the widow, having seen it, called upon the attorney for the plaintiff and requested him to postpone the sale.

Negotiations for settlement having failed, the plaintiff moved the court to set aside his judgment, which was done, and thereupon, by leave of court, plaintiff *on the nineteenth day of December, 1891,* filed an amended petition, omitting Richard L. Sullivan as a defendant, but making his widow and two minor sons defendants, and all three were duly served, and a guardian *ad litem* was appointed and an answer filed, in which they rely upon the special statute of limitations of two years as a bar.    Mrs. Sullivan filed a separate answer also relying upon the special statute.

Upon these facts the trial court held the action against the widow and heirs of Richard L. Sullivan barred by the statute of two years' limitation.    In the Kansas City court of appeals a majority of the court reversed the judgment of the circuit court and Judge GILL dissented, and that court, of its own motion, transferred the cause to this court.

I.    The contention of the plaintiff is that this action to enforce the lien for the special tax for street paving is a proceeding strictly *in rem* and the bringing of the suit on the last day of the time allotted for commencing the action would save it from the bar of the statute, but if it can be made clear that the interest and estate of the widow and heirs of Richard L. Sullivan can not be divested under the charter of Kansas City without notice to them and a day in court to show why said lien should not be enforced against them, then it

must follow from all the analogies of the law that it was not a proceeding *in rem* and that the lien was barred when they were notified of the commencement of the action, and that the opinion of Judge GILL was a correct exposition of the law, unless the amendment related to the commencement of the suit against Richard L. Sullivan.

The operation and extent of the lien must be determined by the terms of the statute creating it and its enforcement regulated by the charter.   Looking to the charter, then, we find that the proceedings to enforce the lien *affect or bind* "only the right, title, interest and estate of the parties made defendants in any such suit." Laws, 1875, sec. 4, p. 252.   The tax lien thus created is plainly a *jus ad rem* only to the extent of the special tax assessment and nothing more.   The statute plainly intends that, before the right, title or interest of any person in said real estate can be sold or divested, he or she shall be made parties to the proceedings.   It was so construed in *Corrigan v. Bell*, 73 Mo. 53.

The language of the charter is strikingly similar to the general revenue law of 1877, now section 7682. That act, like this, required suit to be brought against the "owner."   In *Stafford v. Fizer*, 82 Mo. 393, this court held that a judgment for delinquent taxes, under that act, would not estop the holder of a junior or inferior incumbrance who had not been made a defendant.   That conclusion was reached after due consideration of the statute, but it was pertinently said by Commissioner MARTIN for the court that:   "In the absence of the express reservation contained in the act, the conclusion reached by the court in the cases cited would have been the same.   It could not have been otherwise without approving the repulsive practice of divesting a person of his rights and estates in land by virtue of a

proceeding which omits both actual and constructive notice to him of its existence and progress.''

Since that case the uniform ruling of this court has been that proceedings under the general revenue law of this state, to enforce the tax lien, are not proceedings strictly *in rem*. It was held in *Gitchell v. Kreidler*, 84 Mo. 472, that: ''While the judgment is against the property and not personal, still the tax is assessed against the owner, if known. The law looks to him for payment of the tax. The suit to enforce the lien is the last step contemplated by the statute, and to this suit *he is a necessary party*.''

The lien for the state and county taxes is statutory. The lien for special street assessments is also statutory. In each case the lien is given *against the realty alone*, and in the enforcement of each the owner is a necessary party to the suit.

In *Powell v. Greenstreet*, 95 Mo. 13, it was held that ''it must be taken as settled law, that purchasers at these sheriff's sales, made on executions in tax suits, acquire only the right, title, and interest of the defendants in the tax suits.'' The title acquired by such proceedings is derivative. *Blevins v. Smith*, 104 Mo. 583.

We have no hesitancy in holding that in our opinion it was never intended that a proceeding to enforce a lien for street paving should be a proceeding strictly *in rem;* on the contrary, the unmistakable purpose of the legislature was that the right or title of no owner should be affected or bound, unless he was made a party and notified according to law. Can it be maintained then, that the commencement of this action against Richard L. Sullivan, three years after his death, and for a tax that had no existence in law or in fact until three years after his demise will prevent the bar of the special statute of limitations in favor of defendants against whom this action was first instituted on the

nineteenth of October, 1891, nearly three years after the tax bill was issued?

The right of the plaintiff to amend may be conceded, without affirming he had such a right, and still the question recurs, did this amendment prevent or curtail the rights of these defendants to plead the special statute of limitations after they were made parties. We take it that both reason and authority concur in establishing the rule that, if, between the time of the commencement of an action and the time when new defendants are brought into the case, the period of limitation prescribed by law for such an action has expired, the new parties may plead the statute in bar of their liability, although the defense may not be available to the original defendants, and that it would be most unjust to deny defendants, thus brought in, this right, and to hold that the action as originally brought was the commencement of an action as to them. *Miller's Heirs v. M'Intyre*, 6 Pet. 61; *Shaw v. Cock*, 78 N. Y. 194; *Gill v. Young*, 88 N. C. 58; *Bower v. Thomas*, 69 Ga. 47; *Clark v. Manning*, 95 Ill. 580; *Lilly v. Tobbein*, 103 Mo. 477.

In *Miller's Heirs v. M'Intyre, supra*, an amendment was allowed to an original bill in equity and new parties brought in who pleaded the statute of limitations, the period of which had elapsed between the filing of the original bill and the amendment and the court sustained the plea, saying: "Until the defendants were made parties to the bill, the suit can not be considered as having been commenced against them. It would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice; and where a final decree in the case could not have prejudiced their rights." *Brown v. Goolsby*, 34 Miss. 437; *Gorman v. Judge*, 27 Mich. 140; Angell on

Limitations [6 Ed.], sec. 330; *Dunphy v. Riddle*, 86 Ill. 22.

Of course it is understood that there are many cases that hold that the filing of the declaration and suing out a summons is the commencement of an action, and that amendments properly made relate thereto, but this is applicable to the defendants originally sued, and not to new parties subsequently brought in. *Seibs v. Engelhardt*, 78 Ala. 508. The bringing of this suit against Richard L. Sullivan four years after his death could not affect his widow and children who were not made parties to that suit. There was no defendant in that case. No "owner" of the lot was sued. There was no party to show cause why the lien should not be enforced. The proceeding was void. *Williams v. Hudson*, 93 Mo. 524, *Bollinger v. Chouteau*, 20 Mo. 89; *Graves v. Ewart*, 99 Mo. 13; *Crosley v. Hutton*, 98 Mo. 196.

We are not called upon to discuss what effect could have been given in a collateral suit to the judgment and sale under it in that case, if that judgment had not been set aside. We are relieved of all difficulty on that score. As the record now stands, it is clear that plaintiff commenced his suit against a dead man, making him the sole defendant. His contention now is that the suit thus commenced was kept alive so as to avoid the bar of the statute by the subsequent amendment bringing in the widow and heirs and dismissing as to the dead man. Our statute of amendments is very broad, but it must be evident that plaintiff never had a cause of action against Richard Sullivan. Richard Sullivan had been dead two years when the ordinance was passed to improve Twenty-fifth street. Plaintiff's claim did not originate in the lifetime of Sullivan. There is no privity between Sullivan and his heirs as

to this claim.   Whatever liability there was, if any at all, was that of the heirs.

This is not the case of a debt of the ancestor, devolving upon his heirs, nor is it the case of an action against him, abating by his death, and properly revivable against his heirs, and in which the law regards them as privies.   Here there was no privity as to the cause of action.   The doctrine of relation is ever applied under the limitation that it must not affect the rights of strangers, or third parties.   An action against the deceased father in no way affected the defendants' rights.   *Smith v. Barrett*, 41 Mo. App. 460; *Eyermann v. Scollay*, 16 Mo. App. 498.

But it is urged that plaintiff brought his action against the "*record owner*," and that the court has held that sufficient in *Vance v. Corrigan*, 78 Mo. 94, *when in ignorance of the true owner*.

In the subsequent case of *Watt v. Donnell*, 80 Mo. 195, it was held that the case of *Vance v. Corrigan* must be considered with reference to its peculiar facts.   It was a controversy between the holder of a tax deed and the holder of the nonrecorded deed to the same lot. Both parties claimed title from the same grantor.   The fact is distinctly stated in the opinion that neither Barnes, the original owner, nor Vance, the holder of the unrecorded deed "ever had actual possession of the lot.   There is nothing to show whether or not Corrigan had any knowledge or notice of the deed of Barnes to Vance, or the latter's ownership of the land."   It was there held that, as Barnes, whose title was of record, was the apparent owner, Corrigan, who purchased at the tax sale, acquired the title as against the holder of an unrecorded deed not in possession. He was an innocent purchaser under the protection of the registry act.

No such question arises in this case.   The heirs of Richard Sullivan have been guilty of no neglect in re-

spect to their succession. They have not kept from record any conveyance. There is no innocent purchaser in the case. The case of *Vance v. Corrigan*, simply held a suit against the record owner good "in the absence of notice to the contrary." That case is not authority for the position that suit may be brought against a dead man, because the record shows title in him. He ceased to be owner at his death. In this case the plaintiff has acquired notice and brought his suit against the true owners, but unfortunately for him he has commenced the suit against them since his lien expired. His efforts to enforce his lien has not failed through any fault of defendants, who all the time were residents of Kansas City, and they had a perfect legal right to insist upon the special statute of limitations.

The judgment of the Kansas City court of appeals is reversed, and the cause remanded to that court with directions to affirm the judgment of the circuit court. BURGESS and SHERWOOD, JJ., concur.