CLAYTON WINFREY, Respondent, v. O. A. GALLATIN  et al., Appellants.

Kansas City Court of Appeals, November 22, 1897.

Assignments: PATENTS: REASSIGNMENT. An assignment of a patent right need not be recorded to give it validity, and where the assignee upon a rescission of the contract by the agreement of all the parties destroys the assignment with a view to revest the title in the assignor, the title will be so reinvested.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*W. D. Stepp, M. Bingham* and *Geo. Hall & Son* for appellant.

. (1) Before the plaintiff can recover in this case Albert Gallatin, the assignee of the note sued on, and Wm. Davis, his partner, must re-convey to defendant the territory to the patent right, the original consideration for the note.  *Poe v. Stockton & Duperow,* 39 Mo. App. 550; *Sewing Machine Co. v. McBride,* 27 Mo. App. 470; *Janet v. Morton,* 44 Mo. 275; *Cahn v. Reid & Bungardt,* 18 Mo. App. 115, opinion 124; *Melton v. Smith,* 65 Mo. 315; Benjamin on Sales, 591, 592, sec. 674, note 25; *Reeves v. Corning,* 51 Fed. Rep. 774, 782.  (2) The only way the territory to the patent right could be reconveyed to defendant was by deed or instrument in writing properly executed or signed by the parties. R. S. U. S., sec. 4898; *Gayler v. Wilder,* 10 Howard (U. S.), 477; *Campbell v. James,* 2 Fed. Rep. 338;

*Baldwin v. Sibley*, 1 Clifford (U. S.), 150; *Jordan v. Dobson*, 2 Abbott (U. S.), 498; *Gibson v. Cook*, 2 Blatchf. (U. S.) 144; *Case v. Redfield*, 4 McLean (U. S.), 526; *Boyd v. McAlpin*, 3 McLean (U. S.), 427; *Wright v. Randel*, 19 Blatchf. 495; 8 Fed. Rep. 591; *Stone v. Palmer*, 28 Mo. 539; 18 Am. and Eng. Ency. of Law, pp. 130, 131, and note 1.

*Harber & Knight* for respondents.

The tearing up and burning of the unrecorded deed at the defendant's request and according to his own agreement will take the place of an offer to deed back or actually deeding back so far as defendant is concerned. In other words; "In a case of rescission by mutual consent the parties may agree upon any terms they see fit." 21 Am. and Eng. Ency. of Law, p. 92, title Rescission, see note 1, p. 94; *Borum v. Garland*, 9 Ala. 452; *Mills v. Riley*, 7 Ind. 137; *De Feyster v. Pulver*, 3 Barb. (N. Y.) 284; *Raymond v. Bearnard*, 12 Johnson, 274; 7 Am. Dec. 317; *Hammond v. Pennock*, 61 N. Y. 153.

ACTION ON A PROMISSORY NOTE.

SMITH, P. J.—The defendant traded a patent right in a weather strip for doors to his brother Albert and his nephew William Davis for a mare. He executed to the latter an assignment in writing therefor. Some time after this transaction took place the latter became dissatisfied with the trade, and thereupon a rescission was agreed upon. The defendant having disposed of the mare could not return her. It was then agreed that the defendant should give one of the assignees, Albert Gallatin, his note, which is the same sued on, in lieu of the horse. Thus far there is no variance in the evidence adduced.

STATEMENT.

The defendant's evidence further tended to prove that the assignees agreed, as a part of the rescission, to execute to him a written reassignment of the patent right. On the other hand the tendency of the evidence of the plaintiff was to the effect that it was agreed that the defendant's assignment should be "torn up" and which was accordingly done by Albert Gallatin. The assignment had not been recorded. The defendant now seeks to defeat the action on the ground that the assignees of the patent have failed to reassign the same to him; that the title is still in the assignees, and that therefore the note was given without consideration.

The court, at the request of the plaintiff, submitted the case to the jury on the theory that if the assignment was not recorded and the defendant and the said assignees entered into an agreement to rescind the said trade, by which the said Albert Gallatin was to destroy the said assignment and if in pursuance thereof he did so, then the defendant was liable on the note in suit.

The court, at the request of the defendant, submitted the case to the jury upon the further theory that if it was provided in the agreement to rescind, that the said assignees should, in consideration of the redelivery of the mare or the execution of the said note in lieu thereof, reassign by proper deed said patent right, and that they had not done so, then the said note was without consideration and therefore there was no liability thereon.

The jury found for the plaintiff and judgment was given thereon accordingly. Defendant appealed.

The defendant objects that the theory upon which the case was submitted to the jury for the plaintiff was

ASSIGNMENTS:
patents:
reassignment.

erroneous. An assignment of a patent right under the laws of the United States is not only required to be by an instrument in writing but to be recorded in the patent office. But an assignment need not be recorded to give it validity. *Sone v. Palmer*, 28 Mo. 539. The question now is, what was the effect of the destruction of the unrecorded assignment of the patent right in question, by the grantees therein? Where a deed to land has been destroyed by accident or mistake secondary evidence may be introduced of its existence, loss and contents. But a different rule prevails where the grantee has voluntarily destroyed an unrecorded deed for the purpose and with the intention of revesting the title in the grantor. In such case he will not be allowed to prove the contents of the destroyed deed by parol evidence. *Farrar v. Farrar*, 4 N. H. 191; *Murray v. Holt*, 24 N. H. 248; *Halbrook v. Terrell*, 9 Pick. 105; *Nason v. Grant*, 21 Me. 160; *Patterson v. Geaton*, 47 Me. 314.

In the first of the above cited cases it is said that: "The true ground on which these decisions are to be supported is that the grantee having voluntarily and without any misapprehension or mistake consented to the destruction of the deed with a view to revest the title, neither he nor any other person claiming by a title subsequently derived from him is to *be* permitted to show the contents of the deed by parol evidence." This rule has been adopted and followed by our supreme court in *Potter v. Adams*, 125 Mo. 118, where it is said, "that the grantee who has destroyed or consented to the destruction of his surrendered deed with the intention of thereby reinvesting the title in the grantor will not be allowed to produce parol evidence of the contents of the destroyed deed. He will be estopped from setting up such deed. In this way,

namely, by estoppel, the destruction of the deed will have the intended effect.

The evidence of the plaintiff tended to show that both the defendant and his assignees agreed to the destruction of the unrecorded assignment for the purpose of putting the title to the patent right back in the former. This is fairly inferable from all the facts and circumstances which the plaintiff's evidence conduces to establish. Now applying these principles to the present case and it is plain that the assignees of the patent would be estopped to set up title under the destroyed assignment.

It is conceded that the principles governing the transfer of title to real property are applicable to a case like this. It is obvious that the purpose of the parties to the assignment was to "rue" the trade, or in other words, to trade back; and to accomplish this the defendant restored the horse or the note which was accepted in lieu thereof, and the assignees—Gallatin and Davis—by consent of all, tore up the unrecorded assignment. This it was thought by them restored the former status, i. e., put the title of the horse, or its accepted equivalent, in the assignees, and the title of the patent right back in the defendant, and according to the principles of law to which we have just called attention this was the effect of the transaction.

We think the plaintiff's instruction, to which defendant objected, was substantially correct, and it therefore follows that the judgment must be affirmed. All concur.