# CITY OF ST. JOSEPH ex rel. ZEILDA FORSEE, Admrx., Appellant, v. JOHN W. BAKER et al., Respondent.

Kansas City Court of Appeals, December 17, 1900.

1. **Witnesses: DEAD PARTY: OBJECTIONS: WAIVER.** Where one party is an administratrix the other party should not be permitted to testify; and in this case the objections of the plaintiff were sufficient and the competency of the witness was not waived, since his disability is shown by the record.

2. **Deeds: DATE OF CONVEYANCE: EVIDENCE: DIFFERENT TRACTS OF LAND.** Where an unacknowledged deed to one piece of property is made and delivered but not recorded, and five years thereafter it is given up to the grantor that he may insert additional property, re-date and re-deliver it, the transaction is tantamount to destroying the original deed by consent of the parties and executing another without an intention of revesting the title; and the new deed is a single instrument and it can not be shown by parol that one piece of property was conveyed at one time and another at a different time.

3. **Tax Bills: PARTIES: RECORD OWNER.** Under the above condition, suit to enforce a tax bill, is properly brought against the grantor in the unrecorded deed, since he is the record owner.

4. ————: ————: **REAL OWNER: LIMITATION.** Where another party than the record owner is the real owner of the property to be charged, suit to enforce a tax bill should be brought against such real owner and it will not avail to bring the real owner in after the period of limitation for bringing suit has expired; though the action was originally instituted against the record owner within such period.

5. ————: ————: **UNRECORDED DEED: POSSESSION: NOTICE: ESTOPPEL.** An unrecorded deed conveys title and the owner of a

tax bill with notice of such unrecorded deed must sue not the record owner, but the real owner, and the actual possession of the latter will be notice of his title and he will not be estopped by the fact he had surrendered his original deed and taken another of a recent date conveying additional property, since the transaction is without intending to revest the title.

Appeal from the Buchanan Circuit Court.—*Hon. W. K. James*, Judge.

REVERSED AND REMANDED.

*J. A. Graham* and *Jas. F. Pitt* for appellant.

(1) In this case an administratrix is not only party to the suit but is the real party in interest, and defendants, Baker and Shull, under the statute, section 8918, Revised Statutes 1889, were both incompetent witnesses. (2) The deed from Baker and wife to Ivanora Baker Shull is a completed instrument, admitted to have been executed in December, 1895. It can not be itself and at the same time something else. Nor does it matter that the parties consumed five years or five days in filing a single blank, when the blank was filled to their satisfaction it became their written deed and effectually estops them to say that it is or was different from what it appears to be upon its face. On the other hand, assume that the condition of this blank, etc., did in fact constitute a deed in 1890, then clearly it was destroyed by alterations and insertions in 1895—destroyed, not by accident or mistake, but by mutual agreement. The intent of this destruction must be presumed from the act itself, and where the parties mutually destroy an unrecorded deed for the purpose of undoing the transactions, both are estopped from saying that any title ever passed by it. No

reconveyance is necessary, the execution, act and fact of delivery, all are mutually undone, and the title stands as though nothing had occurred. Winfrey v. Gallatin, 72 Mo. App. 191. (3) But in truth there is no more a destroyed deed in this case than there is a lost deed. Precisely everything that ever pertained to this instrument is here now present, and it was error to permit it to be explained and even contradicted by oral testimony. Loan and Trust Co. v. Workman, 71 Mo. App. 275; Whelan v. Tobener, 71 Mo. App. 361. (4) Under section 1429, Revised Statutes 1889, the tax bill made a *prima facie* case that Baker was the owner of the property in 1892 and 1894. This was not in law overcome or in the slightest degree rebutted by any of the oral proof permitted. It was admitted that the other defendants made parties after the suit was brought claimed under the original defendant through deeds dated, respectively, in 1895 and 1897. Upon this state of facts plaintiff was entitled to a judgment of foreclosure against all the defendants, and her third instruction to that effect should have been given.

*Samuel S. Shull* for respondents.

(1) There was no such objection made to the testimony of witnesses Baker and Shull as the courts take notice of. The generality of the objection is fatal to it. The party objecting must point out the specific ground of his objection, he must put his finger upon it. Clark v. Conway, 23 Mo. 438. (2) For all practical purposes the witnesses were treated as competent and this testimony, for all practical purposes, was received without objection and the plaintiff waived, as it had a right to any legal objection to their competency. His objection was too general. Green v. Railway,

82 Mo. 659; Allen v. Mansfield, 82 Mo. 692; State v. Hope, 100 Mo. 347; Keim v. Railway, 90 Mo. 314; State v. Walker, 98 Mo. 95; State v. Brannum, 95 Mo. 19; Bogie v. Nolan, 96 Mo. 93; Korte v. Hoffman, 97 Mo. 284; Thornton v. Railroad, 40 Mo. App. 265; Springfield v. Ford, 40 Mo. App. 586; Mathews v. Railroad, 63 Mo. App. 560. (3) Further-more, after the statute of limitation had run against the sewer bill and in favor of the defendant Shull, who was a witness, it would be contrary to all just principles of law to then make him a defendant and thereby close his mouth as a witness, even had a specific objection been made to his testimony at the time of the trial. Smith v. Barrett, 41 Mo. App. 460. (4) While the statute makes it the duty of the city engineer to make out the tax bill in the name of the owner of the lot and the tax bill made out in *prima facie* made in the name of such owner, yet, it is the duty of the plaintiff, in bringing suit, to make the real owner of the lot a party defendant, providing he has knowledge as to who the real party is, or such knowledge as throws him upon inquiry for the real owner, or charges him with notice that the record owner is not the real owner. Smith v. Barrett, 41 Mo. App. 460; Jones on Law of Real Property in Convey-ancing, secs. 1563-1568. (5) Plaintiff's second objection is not supported by the authority cited. The case he cites is where the parties destroyed a deed for the purpose of, and with the intention of reinvesting title in the grantor. (6) Further-more, a person may own land without any deed at all, and a gift of land accompanied by putting the donee into possession confers a good title upon the donee; and the continued and unbroken possession of such property by the donee is notice to all persons that he has an interest in the property, and it becomes the duty of any person, standing as plaintiff in this case, to make inquiry and ascertain what title the person in

possession has—even though no actual notice has been directly given to such person, as was given to Mrs. Corby and to her agent McGuire and to her agent Graham in this case. Jones on Law of Real Property in Conveyancing, secs. 1563-1568.

ELLISON, J.—A special tax bill for building a sewer was issued against certain real property in the city of St. Joseph. It was afterwards assigned to Mrs. Corby, plaintiff being her administratrix. Two days before the limitation period of two years for bringing actions on such bills expired, viz., October 20, 1894, suit was brought against defendant Baker as the owner of the property. Afterwards, on the third day of January, 1899, plaintiff filed an amended petition making defendant Shull and husband and the John Deere Plow Co. defendants in the cause. Judgment was rendered for defendants and plaintiff has appealed.

At the trial, the court admitted in evidence the testimony of defendants Shull and Baker. The other party being an executor, defendants should not have been permitted to testify. R. S. 1889, sec. 8918. Defendants seek to avoid the error by the contention that no sufficient objection was made to the testimony when offered. It must be conceded that the various objections made from time to time were not as clear as they should have been. But considering them all, and the fact that the disability on defendants was a matter shown by the parties to the record, we think it apparent that plaintiff did not intend to waive the right to exclude them and that the different objections made will be considered, under the circumstances, as sufficiently specific.

Defendant, Mrs. Shull, for the purpose of showing that she was the owner of the property at the time of the institu-

tion of the suit against Baker alone, introduced a deed from Baker and wife to her for the property in controversy, as well as two other pieces of realty. It seems that this deed was executed by Baker on December 17, 1890, and only conveyed the property in dispute. That it was delivered to Mrs. Shull but was not acknowledged or recorded. She kept it until December, 1895, when Baker, desiring to deed her an additional tract, got from her the old unrecorded and unacknowledged deed, changed the date, "1890" to 1895 and added the additional property in the description clause. The deed was again delivered to her and was afterwards, in June, 1896, acknowledged, and was recorded August 26, 1896.

Confining ourselves to the matter of this deed, we are of the opinion that, in itself, it can only be held to be an effective conveyance from December 17, 1895, the date it purports to bear. It is a single instrument and we are not aware of any reason or authority for holding that it may be shown by parol that it conveyed one part of the property therein described at one date and another part at a different date. If it was originally a deed to one part of the property and five years thereafter was delivered up to the grantor that he might insert additional property, re-date it and re-deliver it, these acts are tantamount to destroying the original deed by consent of parties and executing another without an intention of revesting the title. This, however, as we shall see further on, will not prevent Mrs. Shull from showing that she was the owner between 1890 and 1895, under a destroyed deed of which plaintiff had notice.

So, therefore, if, in the question before us, we were confined to the effect of the deeds on the propriety of originally bringing the suit against Baker, we should hold it was properly brought, since he was the record owner when it was

begun.    Vance v. Corrigan, 78 Mo. 94; State ex rel. Hunt
v. Sack, 79 Mo. 661; Cowell v. Gray, 85 Mo. 169; Payne v.
Lott, 90 Mo. 676; Evans v. Robberson, 92 Mo. 192; Troyer
v. Wood, 96 Mo. 478; Allen v. Ray, 96 Mo. 542; Crane v.
Dameron, 98 Mo. 567.

Leaving the deed of 1895 out of consideration, there
was other evidence tending to show that Mrs. Shull was in
reality the owner and in possession of the property and that
the plaintiff's testator had notice of such ownership and
possession when she instituted the action.    If such was the
fact the suit should have been brought against Mrs. Shull,
notwithstanding that Baker was the record owner.    Authori-
ties, *supra*.

If the suit should have been brought against Mrs. Shull,
it will not avail plaintiff that it was brought against Baker
within the period of limitation and Mrs. Shull brought in by
amendment *after* that period had expired.    Smith v. Barrett.
41 Mo. App. 460; Jaicks v. Sullivan, 128 Mo. 187.    If at
the time the suit was originally brought against Baker, Mrs.
Shull was the owner by adverse possession she, and not
Baker, was the party against whom the action should have
been brought even though the record title was in Baker.
Watt v. Donnell, 80 Mo. 195.    But it is not pretended that
at that time her possession had been of sufficient duration to
make title by adverse possession.

As there is to be a retrial it is proper that we should
refer to another phase of the case.    As has been already
stated, Mrs. Shull's original deed from Baker of December,
1890, was unrecorded.    It nevertheless conveyed the title to
her and if plaintiff had notice of such title it was sufficient to
take from her the right to sue Baker as the record owner.
This notice may be actual, or it may arise from notice of
possession.    For the law is that if one has notice of the actual

possession of land which another has, it will be notice to him of that other's title. Masterson v. Railway, 72 Mo. 342; Davis v. Briscoe, 81 Mo. 27; Freeman v. Moffitt, 119 Mo. 280.

But it is urged by plaintiff that Mrs. Shull is estopped to assert that she had any title between December, 1890, and December, 1895, under her deed from Baker, for the reason that at the last date she, as plaintiff contends, in effect, surrendered all claim under the deed as originally made by permitting it to be transformed into the deed of the last date. Plaintiff likens it to the voluntary destruction of a deed which operates by estoppel to revert title in the grantor. Winfrey v. Gallatin, 72 Mo. App. 191; Potter v. Adams, 125 Mo. 118. We are not inclined to adopt this view. We think there is no room here for the application of the principle of estoppel and that the facts of this case can not be likened to that where the voluntary destruction of a deed will revest title; for in the latter instance there must exist an intention to revest the title, while in this case, as we have already stated, there was no such intention.

The judgment will be reversed and the cause remanded. All concur.