PARKER-WASHINGTON COMPANY, Appellant, v. KEMPER INVESTMENT COMPANY et al., Respondents.

Kansas City Court of Appeals, May 9, 1910.

1. **TAXBILLS: Limitation: Real Owner.** Where taxbills are issued and suit brought against the record owner of the property within the period of limitation to enforce the lien, but after that period the real owner is made a party defendant, the bills are barred by the statute.

2. ————: **Action: Against Whom.** An action on a taxbill must be brought against the owner to enforce the lien. It may be brought against the record owner if the holder has no knowledge or notice of the real owner.

3. ————: ————: **Notice of Real Owner.** The holder of taxbills brought his action within the period of limitation against the record owner. After that period expired the real owner, holding by an unrecorded deed, was made a party defendant on his own motion. Before becoming a party he had brought his action against the bill holder, alleging himself to be the real owner and asking that the bills be cancelled. A summons in that action was served on the bill holder and he filed his answer thereto: *Held*, that bringing such action by the owner was sufficient notice to the bill holder that the record owner was not the real owner, and that therefore his action begun against the record owner before the limitation period had expired, did not save the lien, and the bills were barred.

4. ————: ————: **Cloud on Title.** If the taxbills are barred by limitation, the cloud on title may be removed by their cancellation.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*Ball & Ryland* for appellants.

*Beardsley, Gregory & Kirshner* for respondents.

(1) William Murphy was the owner of the land at the time this suit was brought, and he was not made a party until long after the statute of limitations had run, although plaintiff had actual notice of his ownership. The bills were issued November 7, 1902; the last installment fell due May 31, 1906, and the lien expired as to parties sued after May 31, 1907. Kansas City Charter, secs. 18, 23, art. 9; Vance v. Corrigan, 78 Mo. 94; Jaicks v. Sullivan, 128 Mo. 177. (2) The owner is a necessary party, and the record owner is sufficient unless actual notice of other owership is shown. Vance v. Corrigan, 78 Mo. 94; Jaicks v. Sullivan, 128 Mo. 177; Perkinson v. Meredith, 158 Mo. 457. (3) In addition to the notice by petition and writ in the case of Murphy v. Parker-Washington Company, Mr. Murphy's possession was notice to the plaintiff. Watt v. Donnell, 80 Mo. 195; Farrar v. Heinrich, 86 Mo. 521; Leavitt v. LaForce, 71 Mo. 353; Wiggenhorn v. Daniels, 149 Mo. 160. (4) The serving of the petition and writ upon the Parker-Washington Company, in which Mr. Murphy informed the company that he was the owner of the property, was actual notice. Stuart v. Ramsey, 196 Mo. 404. (5) The owner may plead the Statute of Limitations after he is made a party. Jaicks v. Sullivan, supra. (6) The charter limitation is not a statute of repose, but is a limit to the existence of the lien, so that the taxbills were dead at the time William Murphy was made a party, and could not be enforced. Kansas City charter, sec. 23,

art. IX; Smith v. Barrett, 41 Mo. App. 460; Forrey v. Holmes, 65 Mo. App. 114.

ELLISON, J.—Plaintiff's action was instituted on several special taxbills against the defendant, the Kemper Investment Company, for street improvements in Kansas City, Missouri. During the pendency of the action the defendant Murphy was made a party on his own motion. He filed an answer alleging, among other things, that he was the owner of the property, pleading the Statute of Limitations, and asking that the bills be cancelled as a cloud on his title. The judgment was for defendants.

The taxbills were issued on the 5th day of November, 1902, each payable in four equal installments. This action was instituted against the Investment Company on the 29th of May, 1907. Murphy was made a party defendant in January, 1908, when he filed an answer setting up that he was the owner of the property and had been since April, 1906, and, as just stated, interposing the Statute of Limitations.

The charter of Kansas City (sec. 23, art. 9) provides that the lien of taxbills, payable on the installment plan, shall continue for one year after the last installment becomes due "and no longer, unless within such year suit shall have been instituted to collect such taxbill."

That section of the charter likewise provides that the first installment shall become due "on the 31st day of May next succeeding the date of issue of the taxbills, provided, that if such period is less than thirty days after the issue of the taxbills, then the first installment shall become due and collectible on the 31st day of May of the next year;" and that the second shall become due in one year after the first, the third in one year after the second, and the fourth in one year after the third. These taxbills having been issued in November, 1902, the first one became due, under the provision just quo-

ted, on the 31st of May, 1903, which would make the fourth and last one due the 31st of May, 1906. The action then must have been brought on or before the 31st of May, 1907, in order to be within the period of limitation. It was brought, as already shown, two days before that time, against the Investment Company. But defendant Murphy did not become a party until January, 1908, more than seven months after the limitation period had expired.

Murphy had become the owner of the lands the 6th of April, 1906, by general warranty deed, but it was not then recorded, and was not on record when this action was begun against the Investment Company. Some time prior to plaintiff's instituting this action, Murphy had brought an action against plaintiff to cancel these taxbills, alleging he was the owner and in possession. The summons in this action was duly served and plaintiff filed its answer thereto before the action at bar was begun.

It thus appears that the action was begun within the period of limitation against the Investment Company, who appeared by the deed records to be the owner of the property. But it became an action against defendant Murphy, the real owner, after the period had expired.

It has been several times determined that though an action is begun to enforce a taxbill before the limitation period expired, if other parties are brought in after the period, the lien of the bills was barred, if the property was owned by the latter parties. [Jaicks v. Sullivan, 128 Mo. 177; Smith v. Barrett, 41 Mo. App. 460; St. Joseph v. Baker, 86 Mo. App. 310; Forrey v. Holmes, 65 Mo. App. 114.]

These and other authorities show that it is necessary that the action be begun against the owner in order to divest the title. [Perkinson v. Meredith, 158 Mo. 457.] But it has been ruled in similar cases that the record owner would be the proper party unless the true

owner was known to the holder of the bill. [Jaicks v. Sullivan, supra; Vance v. Corrigan, 78 Mo. 94.] It seems to be considered that if the owner of the property fails to record his deed, and a tax-lien holder brings his action against one who appears to be the owner by the record, not having notice of the title of the real owner, and proceeds to judgment and sale, it will carry the title in a way similar to the instance of one purchasing from the record owner without notice of any other title.

But if the taxbill holder has knowledge of the title in the party whose deed is not of record, he is not protected from the bar of the statute by bringing his action against the record owner within the limitation period.

In view of the foregoing, we have only to determine whether plaintiff knew of Murphy's title prior to the expiration of the limitation period; or, what is the same thing, had such knowledge as to put him on an inquiry which would have led to knowledge. The answer is clear. The evidence, as already stated, shows that Murphy had brought his action to cancel the bills within the period of limitation and long before this suit was instituted. That was sufficient notice. [Stuart v. Ramsey, 196 Mo. 404; Watt v. Donnell, 80 Mo. 195; Wiggenhorn v. Daniels, 149 Mo. 160.]

The fact that the taxbills were issued and were an apparent lien on defendant Murphy's property and thereby clouded his title, justified the court in decreeing their cancellation. [Smith v. Westport, 174 Mo. 394.]

The foregoing view makes it unnecessary to consider the other branch of the defense. Nor does it make any practical difference that it was on such other branch that the trial court declared the bills to be void.

The judgment is affirmed. All concur.