EUNICE T. HALSEY, Appellant, v. JENNIE C. THRAILKILL et al.

Division One, November 29, 1911.

1. LACHES: Deference to Trial Court. As to the defense of laches, dependent upon plaintiff's notice of the pendency of the suit which resulted in a judgment establishing a special lien for taxbills on the property of which he was in possession, the Supreme Court will defer somewhat to the finding of the chancellor that defendant had no notice, unless the finding is against the great weight of the evidence.

2. JUDGMENT ON SPECIAL TAXBILL: No Notice: Redemption. The owner of property who was without notice of a suit pending to foreclose the lien of a special taxbill is entitled to redeem the lots from the sale made by the sheriff under the judgment of foreclosure.

3. JUDGMENT ON SPECIAL TAXBILL: Right to Redeem: Persons not Parties. A judgment foreclosing the lien of a special taxbill issued in payment of a street improvement by a city of the second class does not affect the interests or title of any person not made a party to the suit; and the owner not made a party, whether he be the legal or equitable owner, has the right to redeem the property after sale. The statute (Sec. 5664, R. S. 1909), which is a part of the charter of cities of the second class, is applicable to the owner of either the legal or equitable title alike.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*Charles F. Strop* and *Eugene Silverman* for appellant.

(1) Respondent has no standing in a court of equity and is not entitled to the relief granted. The evidence shows that he was in possession of all the facts which should have moved him to action, that he has been guilty of laches and was speculating upon the litigation of others. Bispham on Equity, sec. 39; Bliss v. Pritchard, 67 Mo. 187; Smith v. Washington, 11 Mo. App. 525; Hatcher v. Hatcher, 139 Mo. 626. (2) The inadequacy of price in this case is not sufficient ground for the judgment. The inadequacy is not so gross as to shock the conscience of the chancellor. Knoop v. Kelsey, 121 Mo. 642; Hammond v. Scott, 12 Mo. 8; Meir v. Zelle, 31 Mo. 332; Parker v. Railroad, 44 Mo. 422; Phillips v. Stewart, 59 Mo. 492; Martin v. Castle, 193 Mo. 183. (3) R. S. 1909, sec. 9049, has no application. Special taxbills are issued in the exercise of the taxing power of the State and the action need be only against the record owner. The statute does not include equitable interests not appearing of record. Such interests are concluded by the judgment against the holder of the record title. R. S. 1909, sec. 9049; Payne v. Lott, 90 Mo. 676; Vance v. Corrigan, 78 Mo. 94; State ex rel. v. Sack, 79 Mo. 661; Watt v. Donnell, 80 Mo. 195; Cowell v. Gray, 85 Mo. 169; Simonson v. Dolan, 114 Mo. 176; Allen v. Ray, 96 Mo. 546; Hilton v. Smith, 136 Mo. 449.

*Culver, Phillip & Spencer* for respondents.

(1) Respondent had the right to redeem under the express terms of the statute giving him the right

to redeem (under the admitted facts in this case), from a sale of his property under a judgment foreclosing the lien of a taxbill issued by a city of the second class: R. S. 1899, sec. 5664. It is too plain for argument that the facts in this case bring it squarely within the provisions of this statute. (2) Regardless of the statute respondent was entitled in equity to redeem the property from the sale. It is conceded that the property was sold for $364, and it is undisputed, and the court found, that the property was actually worth $4,000, so that it was sold for less than one-tenth of its value. While mere inadequacy of price alone is not sufficient to justify the chancellor in setting aside a judicial sale, yet if the inadequacy is so gross as to shock the conscience of the chancellor, especially where there is the slightest circumstance connected with the sale to show that the sale was unfairly or improvidently made, the owner of the property is entitled to redeem in equity. Drey v. Doyle, 99 Mo. 459; Wiggenhorn v. Daniels, 149 Mo. 160; Freeman v. Moffitt, 119 Mo. 280; 24 Cyc. 39. (3) It is intimated by appellant that respondent lost his right to redeem because he was not vigilant; that he had "a full opportunity to be present at said sale and protect the property if he so desired"; that "he paid no attention to any of the proceedings; made no inquiry of any kind; and did not attend the sale." The answer is that he paid no attention to the sale because he never knew that his property was to be sold. He paid no attention to the proceedings because he knew of no proceedings. The undisputed testimony is, and the court found, that he was absolutely ignorant that the suit had been brought, that any judgment had been rendered, or that the sale had been made.

WOODSON, J.—Originally this was a suit in ejectment, instituted by Halsey, the appellant, against John P. Emmert and his tenant Thrailkill, respond-

ents, in the circuit court of Buchanan county, to recover lots five and six in block nine, Widman's Addition to the city of St. Joseph, Missouri. The petition was in conventional form; and the answer alleged that prior to 1901 the Widman Investment Company was the owner of the property described in the petition, and that on December 26, 1901, said Investment Company contracted to sell said lots to one Porter A. Thompson, which contract was, on the same day, assigned by said Thompson to the respondent Emmert; that afterwards, but before respondent received a deed for said property, special taxbills for street improvements in front of said property, were issued by the city of St. Joseph against said lots, and suit was instituted for their collection; that at the time of the institution of said suit, the Investment Company was the record owner of said real estate and was made a party defendant in said suit with one V. W. Emmert, but neither of the respondents were made parties thereto; that said action was prosecuted to final judgment; that a special execution issued thereon, and a sale thereunder was made by the sheriff to Halsey, the appellant, and a sheriff's deed was duly executed by him to her. The answer further alleged that the property sold was worth $4,000, and that it was sold for only $364, less than one-tenth of its actual value, and prayed that the respondent be permitted to redeem from the sale, by paying the amounts of the judgment, interest and costs.

A trial was had before the court without the intervention of a jury, which resulted in a decree in favor of the defendants, the respondents here, authorizing a redemption, as prayed in the answer. After moving unsuccessfully for a new trial, the plaintiff duly appealed the cause to this court.

At the request of counsel, the circuit court made a special finding of facts. Formal parts omitted, those findings were as follows:

"1.  Prior to the 25th day of December, 1901, the Widman Investment Company was the absolute owner of record of lots 5 and 6, in block 9, in Widman's Addition to South St. Joseph, in Buchanan county, Missouri.

"2.  On June 30, 1904, one F. S. Cushing instituted suit in the circuit court of Buchanan county, to foreclose the lien of certain taxbills issued to one F. E. Halsey and assigned to him in June, 1902, for the paving and grading of King Hill avenue, on which street said property abutted.  The only defendants in said suit were the Widman Investment Company and V. W. Emmert, the father of the defendant, John P. Emmert; that suit was prosecuted to judgment, the defendants failing to appear, and on the 14th day of November, 1904, a judgment was rendered in said suit against lot 5 aforesaid, and all the right, title and interest of V. W. Emmert and Widman Investment Company in and to said lot five for the sum of $135.57 for debt and interest, at the rate of eight per cent per annum from November 14, 1904, and one-half of cost of said action taxed at $10.75, which said debt, interest and cost were declared to be a lien and charge upon said lot five; and also against lot six aforesaid and against all the right, title and interest of V. W. Emmert and Widman Investment Company in and to said lot six for the sum of $131.58 for debt and interest at the rate of eight per cent per annum from November 14th, 1904, and, one-half of the cost of said suit amounting to $10.75, which said interest and cost were declared to be a lien and charge upon said above described real estate, and which said judgment further ordered and directed that said respective lots and all of the right, title and interest of the parties therein should be separately sold for the purpose of satisfying the respective sums found to be due against each, together with costs, and that a special execution issue accordingly.

"3. That on the 31st day of May, 1907, the clerk of the circuit court of Buchanan county, Missouri, issued a special execution on said judgment, directed to the sheriff of Buchanan county, Missouri, containing the ordinary recitations regarding such judgments, and commanding him to sell the property, etc.

"4. That the sheriff of Buchanan county, Missouri, made return on said special execution as follows: 'Executed the within writ in the county of Buchanan and State of Missouri, on the 31st day of May, 1907, by levying upon and seizing the within described real estate. James M. Sampson, Sheriff;' and also made report of the sale under said special execution as follows: [Then follows a report of the sale in the usual form.]

"5. That prior to the time said sheriff made the sale referred to in said report, he gave notice of said sale in the St. Joseph Daily Courier, which said notice is as follows: [Then follows the ordinary notice of sale, and proof of its publication.]

"That at said sale Eunice T. Halsey became the purchaser of said property and received the sheriff's deed therefor, which was introduced in evidence; that she paid for both of said lots the sum of $364; that the value of said property at that time was $4,000."

"6. That said sheriff's deed recited that: [Then follows the sheriff's deed in conventional form, with the usual recitals; which was duly recorded July 15th, 1907, in the office of the recorder of deeds.]

"7. On the 26th day of December, 1901, the Widman Investment Company, by contract in writing, signed by it, sold and agreed to convey to Porter A. Thompson the lots above mentioned (and other lots described in the contract) for the consideration mentioned in the contract, $200 of which was paid in cash and the remainder in monthly payments, as stated therein. Under said contract the said Thompson was

to have possession of said property and upon payment of the purchase price was to receive a deed from said Widman Investment Company.

"8.   On the same day, the said Porter A. Thompson made and entered into a written agreement, introduced in evidence, with the defendant John P. Emmert, with the written consent and authority of the Widman Investment Company, wherein and whereby the said Thompson sold and agreed to convey to the defendant, John P. Emmert, lots five and six, aforesaid, for the sum of $750, $100 of which was paid in cash at the time and the remainder to be paid at the rate of $20 per month, beginning on the 26th day of January, 1902, which said contract also provided that the defendant J. P. Emmert should from the date thereof have possession of said property and should be entitled to and did thereafter when said payments were made.

"9.   That the defendant, John P. Emmert, took possession of said lots at said time and made all the payments called for in said contract to Porter A. Thompson, who turned the money over to the Widman Investment Company, and the Widman Investment Company, pursuant to said contract, made a deed to said lots directly to said defendant, John P. Emmert, which was introduced in evidence, on the 8th day of September, 1904, and which was recorded in the office of the recorder of deeds on the 21st day of September, 1904.

"10.   That at the time the suit hereinabove referred to was instituted by Cushing against the Widman Investment Company and V. W. Emmert to foreclose the lien of said taxbills, the defendant Emmert had paid all of the monthly payments called for in said contract excepting four, said four last payments having been made after said suit was instituted; and erected an eight-room house costing $3,000 on the lots one year ago.

"11. That at the time said suit was instituted, the defendant John P. Emmert was interested in said lots five and six, had possession of said lots, had paid all of the purchase price thereof excepting four payments of $20 each and the interest on each of said payments and had a valid contract in writing entitling him to a deed for said property upon the payment of the remainder of said purchase price.

"12. That the said John P. Emmert was not made a party defendant in said suit to foreclose the lien of said taxbills; that said V. W. Emmert is the father of the defendant J. P. Emmert, but said V. W. Emmert had no right, title or interest at any time in or to said property or any part thereof; that the defendant J. P. Emmert had no knowledge of the institution or pendency of said suit, nor of the fact that a judgment had been rendered therein, nor of the fact that the property had been sold by the sheriff or purchased by the plaintiff until he was served with summons in this suit. He did, however, know that special taxbills had issued against these lots and made two payments on account of the same.

"13. That the amount paid for said property at the sheriff's sale was less than one-tenth of the actual value of said property at the time.

"14. That Eunice T. Halsey purchased said property at said sale for said Cushing with the understanding that said Cushing should be paid the amount due on said taxbills."

Then follows the decree of the court, which is quite lengthy, reciting in substance the finding of facts, and authorized the respondents to redeem the lots from the sale, by paying the amount of the judgment, interest and costs.

I. The sole proposition presented by this record for determination is the right of respondent John P. Emmert to redeem lots five and six in block nine, Wid-

man's Addition to the city of St. Joseph, Missouri, from a sale made by the sheriff under a special execution founded upon a judgment of the circuit court foreclosing the lien of the taxbills, described in the pleadings, issued against said lots by said city, a city of the second class, for paving the street on which said lots abut. Counsel for appellant deny that right, while counsel for respondents affirm its existence.

The first position of counsel for appellant is, that respondent has no standing in a court of equity and is not entitled to the relief granted by the trial court. This contention is predicated upon the idea. that the evidence shows respondent was in the possession of the property, and knew all the facts that should have moved him to action during the pendency of the suit against V. W. Emmert and the Widman Investment Company to foreclose the lien of the special taxbills, and having failed to move in that regard he is guilty of such laches as should bar his right to be now heard.

The question of laches was one of the principal questions that was presented to the trial court for determination; and while there was evidence introduced from which the court might have been justified in finding that he was thus guilty, however, there was upon the other hand evidence, equally as strong, if not stronger, which showed respondent had no notice whatever of the pendency of that suit. Upon that evidence, the court found for the respondent.

The court had the witnesses before it, heard them testify, and observed their demeanor upon the witness stand, which gave to it a better opportunity to weigh the evidence and pass upon their credibility than we have. Under those conditions we have repeatedly held that this court will defer somewhat to the finding of the trial court, and will not disturb the judgment on that account without the conclusions there reached are against the great weight of the evidence. [Huff-

237 Sup.—46

man v. Huffman, 217 Mo. 182.] In fact, that case goes much further in supporting the findings of the trial court than I ever knew the law to be, but independent of that case, the law in this State is well settled to be as before stated. That being true, we must rule this contention against appellant.

Having disposed of the question of lack of notice on the part of respondent of the pendency of the suit to foreclose the lien of the taxbills, it must follow, from the facts of this case as found by the court, that respondent was entitled to redeem said lots from the sale made by the sheriff under the judgment foreclosing the tax lien, and consequently we hold that the decree of the court granting to respondents that right was proper, and free from error.

II.   There is an additional reason why the decree of the court granting to respondent the right to redeem said lots from said sale, should be affirmed, and that is this, the charter of the city of St. Joseph, after prescribing the method of enforcing taxbills by suit, provides:   "All such, or any of the owners of the land charged, or of any interest or estate therein, may be made defendants, but only the right, title, interest and estate of the parties made defendants in any suit shall be affected or bound thereby or by the proceedings therein.   . . .   Any such special judgment shall bind all the right, title, interest and estate in the land that defendants, and each of them, owned at the time the lien of the taxbill commenced, or acquired afterward, and a sale on execution thereon shall vest all of such right, title, interest and estate in the purchaser, and discharge the lands from any liens or incumbrances thereon; but parties interested in the land, not made defendants, shall not be affected thereby, and if they claim through or under any parties defendant, prior to suit brought, may redeem from the purchaser,

or otherwise assert their rights, according to equity and good conscience." [R. S. 1899, sec. 5664.]

Counsel for appellant insist that this provision of the charter has no application to the case at bar, and cite in support of that insistence, the following cases: Payne v. Lott, 90 Mo. 676; Vance v. Corrigan, 78 Mo. 94; State ex rel. v. Sack, 79 Mo. 661; Watt v. Donnell, 80 Mo. 195; Cowell v. Gray, 85 Mo. 169; Simonson v. Dolan, 114 Mo. 176; Allen v. Ray, 96 Mo. 546 Hilton v. Smith, 134 Mo. 499.

After a careful examination of each and all of these cases, we find that none of them related to lands situate in a city of the second class, to which the city of St. Joseph belongs, but relate to land lying in the country, or in some city or town which is governed by some statute or charter provision particularly applicable thereto, and wholly different from the charter provision of the city of St. Joseph before set out.

The case at bar comes not only within the spirit of this charter provision, but within the letter of it also. The record discloses the facts that at the time of the institution of the suit to enforce the taxbills mentioned, the respondent owned the equitable title to the lots in dispute, and that he obtained that title prior to the institution of the suit from a party who was made a defendant in said action, namely, The Widman Investment Company, and the respondent was not made a party to the suit brought to foreclose the lien of the taxbills. By reading said charter provision it will be seen that the facts lastly stated are precisely the same as those mentioned in said charter provision, which authorize a redemption.

If I correctly understand counsel for appellant, they do not controvert the correctness of the conclusion just stated, if it was the design of the Legislature to make said charter provision applicable to the owners of the equitable title to real estate. There can be no doubt in our opinion but what it was the inten-

tion of the Legislature to include in said provision, the owners of the legal, as well as the owners of the equitable title to real estate. In the first place, the provision itself does not so limit its operation to the owners of the legal title, and this court has no right or authority to write that limitation into it.

Moreover, it would seem almost incredible to believe that the Legislature would by special charter provision authorize a redemption by the owners from a sale of the legal title, a mere worthless shell, and deny one the right to redeem from the sale of the equitable title, the real beneficial and valuable interest in real estate.

We are therefore of the opinion that the judgment of the circuit court should be affirmed. and it is so ordered.

III. Counsel for appellant also insists that the indignancy of consideration paid for the lots at the sheriff's sale is not sufficient to authorize a redemption from that sale on the part of the respondents. Counsel for respondents do not seem to make that contention; but do insist that that fact, when taken in connection with certain other facts and irregularities pointed out in their brief, is sufficient to authorize such redemption.

Since the conclusions reached in paragraphs one and two fully dispose of the case, we deem it unnecessary to pass upon this insistence. All concur.